Stanley F. ZUREK, Complainant–Appellant,

v.

COLORADO DEPARTMENT OF STATE and Colorado State Personnel Board, Respondents–Appellees.

No. 85CA1528.

Colorado Court of Appeals, Div. II.

Aug. 20, 1987.

Rehearing Denied Oct. 8, 1987.

Certiorari Denied May 9, 1988.

James T. Reed, Denver, for complainant-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cheryl J. Hanson, Asst. Atty. Gen., Gregory K. Chambers, Asst. Atty. Gen., Denver, for respondents-appellees.

STERNBERG, Judge.

Stanley F. Zurek was dismissed from employment as an administrative clerk-typist at the Colorado Department of State (Department). He appeals the findings and conclusions of the State Personnel Board (Board) that he had not obtained certified status as of the date of his dismissal and was therefore not entitled to a full evidentiary hearing on such dismissal. We affirm.

Zurek began employment with the Department on February 6, 1984. On January 30, 1985, Zurek's supervisors gave him a low performance evaluation and issued a corrective action reassigning him to duties which constituted a significant reduction in responsibility. Zurek then requested and was given annual leave time from that day until 9:30 a.m., February 4, to consult with a representative from the Colorado Association of Public Employees and to ascertain his options in light of his performance evaluation and the corrective action. After 9:30 a.m. on February 4, and until February 11, the date his termination was made effective, Zurek was on approved leave without pay.

The letter notifying Zurek that he was terminated was issued by the Secretary of State several days following a meeting she had on February 11 with Zurek and the director of the division in which he had worked. The letter stated that his employment with the Department was being terminated because he had failed to comply with the standards of efficient service and competence and had willfully failed to per-

form the duties assigned to him. The letter further informed him that as a probationary employee he had no right to a hearing to review the dismissal. This determination was ultimately approved by the State Personnel Board, after a preliminary hearing in which it was determined that Zurek had not obtained certified status as of the date of his dismissal.

Section 24–50–115(6), C.R.S. (1982 Repl. Vol. 10) states:

"The board shall establish probationary periods for all persons initially appointed ... but not to exceed twelve months for any class or position. After satisfactory completion of any such period, as demonstrated by satisfactory or above average performance evaluations, the person shall be certified to such class or position within the state personnel system, but unsatisfactory performance shall be grounds for dismissal by the appointing authority during such period without right of appeal."

Also pertinent to the issues involved here is a rule of the Colorado State Personnel System then in effect which stated that:

"The Board shall grant a hearing to any certified or probationary employee who petitions the Board, within specified time limits, for a hearing to appeal disciplinary actions except:

(1) Probationary employees shall not have the right to a hearing to review dismissal for unsatisfactory performance."

Asserting that he has a right under the statute and agency rule to a full evidentiary hearing regarding his dismissal, Zurek disputes both that he is a probationary employee and that his dismissal was based upon unsatisfactory performance.

■ As to Zurek's contention that he was discharged for reasons other than unsatisfactory performance, his argument is based on testimony at the preliminary hearing by the Department's witness that Zurek would not have been dismissed if he had been willing to perform the reassigned duties set forth in the corrective action. Zurek argues that this testimony proves that of the two reasons for his termination set forth in his notification letter—failure to comply with standards of efficient service and competence and willful failure to perform the duties assigned—the latter was the true cause of his dismissal. This argument demonstrates a misunderstanding of the Department witness' testimony. That witness stated that the Department would not have dismissed Zurek if he had performed his *reassigned* duties. Implicit in this statement, and explicit throughout the record, is the fact that Zurek's supervisors reassigned his duties because of unsatisfactory performance of his original duties. Thus, there is no merit to Zurek's contention that he was dismissed for reasons other than unsatisfactory performance.

This leaves for review the Board's conclusion that Zurek was a probationary employee at the time of his dismissal and, thus, not entitled to a full hearing on his discharge.

■ Zurek's probationary period would have expired twelve months after he began employment, which would have been February 6, 1985; however, the Board found that under an interpretation of the State Personnel System Rules and Regulations issued by the Director of the Department of Personnel, Zurek's probationary period had not yet expired as of February 11, 1985, the date of termination. Under that interpretation the maximum twelve-month period of probation provided by Colo. Const. art. XII, § 13(10) and § 24–50–115(6), C.R.S., may be extended for the length of time that an employee is off the payroll for any reason, including leave without pay. Because Zurek was on such leave on the date his probationary period would have ended, his probationary period was extended by the leave to his date of termination.

■ We hold first that the Director's interpretation was authorized, pursuant to the Director's authority under Colo. Const. art. XII, § 14(4) to administer rules adopted by the State Personnel Board. *See Colorado Association of Public Employees v. Lamm*, 677 P.2d 1350 (Colo.1984).

We hold further that this interpretation was neither arbitrary nor capricious, and was entirely consistent with constitutional and statutory provisions requiring *satisfactory completion* of a probationary period before certification status is attained.

To hold otherwise would allow employees to enlarge their rights simply by going off the payroll and avoiding the workplace until the twelve month period passes. Such a result obviously was not intended by the General Assembly, whose basic purpose in enacting the civil service laws was to secure efficient public servants for government positions. *Colorado Association of Public Employees v. Lamm, supra.*

We find Zurek's other contentions to be without merit.

Order affirmed.

SMITH and METZGER, JJ., concur.