Greg **MAURELLO,**
**Complainant–Appellant,**

v.

**COLORADO DEPARTMENT OF CORRECTIONS, BUENA VISTA CORRECTIONAL FACILITY, Respondent–Appellee,**

**and**

**The State Personnel Board, Appellee.**

**No. 89CA1712.**

Colorado Court of Appeals,
Div. V.

Dec. 6, 1990.

Kenneth G. Gibbar, Fort Collins, for complainant-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Ripple, Asst. Atty. Gen., Denver, for respondent-appellee.

Opinion by Judge HUME.

Complainant, Greg Maurello, appeals from the action of the State Personnel Board (Board) denying him a hearing on his administrative appeal of the termination of his employment with respondent, the Colorado Department of Corrections, Buena Vista Correctional Facility (Department). We reverse and remand for the Board to conduct a hearing on Maurello's appeal of his termination.

Maurello, a probationary employee with the Department, was terminated from his employment in May 1989. In the letter of termination, the appointing authority stated that Maurello was being terminated because he had made false or deceptive statements in his employment application regarding both his reasons for leaving his previous employment and his criminal record in connection with his conviction of the crime of harassment. The letter also stated that Maurello had violated the Department's ethical standards by failing to report his conviction to his supervisor as well as by failing to report having been charged with another count of harassment as a result of another incident subsequent to his beginning employment with the Department.

Maurello appealed his termination to the Board. The Board treated the appeal as

one not involving a mandatory right to a hearing and, therefore, processed the appeal under its rules concerning discretionary hearing procedures. *See* State Personnel Board Policy 10-4, 4 Code Colo.Reg. 801-1 (1986); State Personnel Board Rule R10-4-1(C), 4 Code Colo.Reg. 801-1 (1988); State Personnel Board Rule R10-4-2, 4 Code Colo.Reg. 801-1 (1986).

Accordingly, a hearing officer conducted a "preliminary review" from the written information submitted by the parties and recommended to the Board that a hearing be denied because Maurello was a probationary employee. The Board subsequently voted to deny Maurello a hearing and ordered the case closed.

Maurello contends that he was entitled to an evidentiary hearing on his administrative appeal of his termination to the Board, notwithstanding his status as a probationary employee. We agree.

Unlike a certified employee, a probationary employee has no right to an appeal to the Board of a dismissal for unsatisfactory performance. Colo. Const. art. XII, § 13(10); § 24-50-115(6), C.R.S. (1988 Repl. Vol. 10B); *Department of Health v. Donahue*, 690 P.2d 243 (Colo.1984).

However, § 24-50-125(5), C.R.S. (1988 Repl.Vol. 10B) provides, in pertinent part, that "[a] probationary employee *shall be entitled* to all the same rights to a hearing as a certified employee; except that he shall *not* have the right to a hearing to review his dismissal *for unsatisfactory performance* while a probationary employee." (emphasis added) *See also* State Personnel Board Rule R10-5-1(B)(1), 4 Code Colo.Reg. 801-1 (1986) (probationary employees may appeal any disciplinary action taken, except that they shall not have the right to a hearing to review a dismissal for unsatisfactory job performance). Moreover, a certified employee is entitled to a hearing on an appeal to the Board of a dismissal on any disciplinary grounds. *See* § 24-50-125(3), C.R.S. (1988 Repl.Vol. 10B); State Personnel Board Policy 10-5, 4 Code Colo.Reg. 801-1 (1986).

We note that grounds for disciplinary action include, but are not limited to, unsat-

isfactory job performance. *See* State Personnel Board Rule R8-3-3(A), 4 Code Colo. Reg. 801-1 (1986) (providing that disciplinary actions are administered for "an offensive act" *or* poor job performance); *compare* State Personnel Board Rule R8-3-3(C)(1), 4 Code Colo.Reg. 801-1 (1986) (disciplinary action may be administered for "[f]ailure to comply with standards of efficient service or competence") *with* State Personnel Board Rules R8-3-3(C)(2), (C)(3), & (C)(4), 4 Code Colo.Reg. 801-1 (1987) (disciplinary grounds also include willful misconduct, willful failure or inability to perform duties assigned, and conviction of certain crimes).

■ Thus, we conclude that a probationary employee is entitled to a hearing on an appeal to the Board of a dismissal for any disciplinary grounds other than unsatisfactory job performance. *See* State Personnel Board Policy 10-5, *supra* (Board "shall hear" and rule on appeals of all disciplinary actions, except for probationary employees terminated for unsatisfactory job performance); *cf. Zurek v. Colorado Department of State*, 754 P.2d 390 (Colo.App.1987) (probationary employee *not* entitled to full evidentiary hearing on appeal to Board when not dismissed for reasons other than unsatisfactory job performance).

■ Here, contrary to the position of the Department and the Board, the record does not show that Maurello was terminated for unsatisfactory job performance. Rather, although the grounds for dismissal asserted by the appointing authority in the letter of termination may constitute other valid grounds for disciplinary action, including termination, such as "willful misconduct," *see* State Personnel Board Rule R8-3-3(C)(2), *supra;* State Personnel Director's Procedure P5-4-2(D), 4 Code Colo.Reg. 801-2 (1986), there is no indication in the record that Maurello's alleged misconduct adversely affected his job performance. *Cf.* State Personnel Board Rule R8-3-3(C)(1), *supra; Zurek v. Colorado Department of State, supra.* Accordingly, Maurello was entitled to a full evidentiary hearing on the merits of his appeal to the

Board, notwithstanding his status as a probationary employee.

In light of this disposition of the appeal, we need not address the remaining contentions of the parties.

The order of the Board is reversed, and the cause is remanded to the Board with directions to conduct an evidentiary hearing on the merits of Maurello's appeal of his termination.

STERNBERG, C.J., and JONES, J., concur.