William Keith BEARDSLEY,
Complainant-Appellant,

v.

COLORADO STATE UNIVERSITY, State of Colorado—State Personnel Board; William Liley, Director of Personnel, Colorado State University; Wayne Teegarden, Chief of Police, Colorado State University Police Department, Respondents-Appellees.

STATE BOARD OF AGRICULTURE in the Interest of COLORADO STATE UNIVERSITY, Appellant and Cross-Appellee,

v.

William Keith BEARDSLEY, Appellee and Cross-Appellant,

and

State Personnel Board, B.A. Arguello, Jan Knoop, Randall C. Mustain-Wood, Francis F. Kethcart, and Marie Crouch, Appellees.

Nos. 85CA0677, 85CA0862.

Colorado Court of Appeals,
Div. I.

April 2, 1987.

Rehearing Denied June 18, 1987.

Certiorari Granted (Beardsley)
Nov. 30, 1987.

G. William Beardslee, Fort Collins, for complainant-appellant, appellee and cross-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Lee R. Combs, Asst. Atty. Gen., Denver, for respondents-appellees, appellant and cross-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, Gregory K. Chambers, Asst. Attys. Gen., Denver, for appellees.

METZGER, Judge.

William Keith Beardsley seeks review of a final order of the Colorado State Personnel Board (the Board) overturning the hearing officer's award of back pay for wrongful termination. In a consolidated appeal, the State Board of Agriculture, in the interest of Colorado State University (the University), seeks review of the Board's decision upholding the hearing officer's reversal of the appointing authority's termination of Beardsley. We affirm.

Beardsley, a long-time employee of the Colorado State University Police Department, was terminated on September 21, 1983. In a letter dated the next day, the personnel director of the appointing authority cited Beardsley's inability to return to work because of stress-related physical problems as the reason for termination. Beardsley filed a timely appeal alleging that the appointing authority had improperly terminated him while he was on sick leave.

Following an evidentiary hearing the hearing officer found, based upon the testimony of medical experts, that Beardsley suffered from acute situational anxiety caused by environmental stress and accompanied by various physical symptoms, and that this illness was covered by State Personnel Board Rule 6-2-2, 4 Code Colo.Reg. 801-1 at 70 (1984), then in effect. The hearing officer concluded that Beardsley was entitled to use his accumulated sick leave, and that the appointing authority's action in terminating him while he still had unused sick leave violated the rule and constituted an abuse of discretion. The hearing officer ordered that Beardsley be reinstated and awarded him back pay from the date of termination.

Colorado State University appealed the hearing officer's decision to the Board. After a review of the hearing transcript, the hearing officer's findings, and the briefs, the Board reversed the hearing officer's award of back pay and further ordered that Beardsley be granted "the total amount of leave due him, that he be put on leave without pay from the time his earned leave expires until his return to work," and that he be returned to work upon presentation, within 10 days of the Board's order of a medical opinion that he is able to perform his duties.

## I.

Beardsley contends that the Board committed error when it modified the hearing officer's order and denied him back pay. We disagree.

Section 24-50-125.4(4), C.R.S. (1986 Cum. Supp.) provides that the Board shall conduct its review in accordance with § 24-4-105(15)(b), C.R.S. (1982 Repl.Vol. 10). That section provides:

"The findings of evidentiary fact, as distinguished from ultimate conclusions of fact, made by the hearing officer shall not be set aside by the agency on review of the hearing officer's initial decision unless such findings of evidentiary fact are contrary to the weight of the evidence. The agency may remand the case to the hearing officer for such further proceedings as it may direct, or it may affirm, set aside, or modify the order or any *sanction or relief entered therein,* in conformity with the facts and the law." (emphasis added)

In *Lee v. State Board of Dental Examiners,* 654 P.2d 839 (Colo.1982), our supreme court held that findings of ultimate fact involve conclusions of law, or at least mixed questions of law and fact, and settle the rights and liabilities of the parties. An ultimate finding of fact will be sustained if

it has a reasonable basis in law. *Ricci v. Davis*, 627 P.2d 1111 (Colo.1981).

■ Here, the Board determined, based on the evidentiary facts as found by the hearing officer, that back pay was not the appropriate remedy under the circumstances. Because the proper relief to be awarded Beardsley was a question of ultimate fact, *see Adkins v. Division of Youth Services*, 720 P.2d 626 (Colo.App.1986), and could be set aside or modified in conformity with the facts and the law, § 24–4–105(15)(b), C.R.S. (1986 Cum.Supp.), the Board was not precluded from reversing the hearing officer's award of back pay. *See Puls v. People ex rel. Woodard*, 722 P.2d 424 (Colo.App.1986).

■ Beardsley also argues that the Board's relief was equitably indefensible. However, in *Department of Health v. Donahue*, 690 P.2d 243 (Colo.1984), our supreme court made it clear that a remedy for wrongful discharge cannot bestow upon a public employee an economic windfall vastly disproportionate to the legal wrong that he has sustained.

An award of both back pay and reinstatement would place Beardsley in a better position than he would have occupied had he not been terminated improperly, because State Personnel Board Rule 6–2–5, 4 Code Colo.Reg. 801–1 at 71 (1984), then in effect, provided that an employee is not entitled to continued compensation if he is unable to return to work and his accrued sick leave and annual leave is exhausted. Since it is undisputed that Beardsley was not able to return to work at the time his accrued sick and annual leave were exhausted, he was not entitled to further compensation. Consequently, the hearing officer's relief bestowed upon Beardsley an economic windfall vastly disproportionate to the legal wrong sustained by him, and it was properly reversed.

## II.

■ The University also seeks review of the Board's order, contending that the Board erred when it granted Beardsley leave without pay and reinstatement upon production of a medical opinion that he was capable of performing his duties. Relying on *Department of Health v. Donahue, supra*, it argues that the Board's ordered relief placed Beardsley in a more advantageous position than he would have occupied absent his wrongful termination. We perceive no error in the remedy specified by the Board.

In *Department of Health v. Donahue, supra*, the supreme court held that reinstatement with full back pay was not an appropriate remedy to redress the denial of a pre-disciplinary meeting with the employee's supervisor where the public employee was a probationary employee who could have been dismissed at any time.

Here, in contrast, State Personnel Board Rule 6–2–5, 4 Code Colo.Reg. 801–1 at 71 (1984), then in effect, provided for several outcomes once a non-probationary employee's accumulated leave and sick time have expired. Subsection (D) of that rule, as applicable here, provides that the appointing authority may require an employee on leave without pay to provide a physician's certificate verifying his continued illness or treatment. If the certificate is not furnished, the appointing authority may direct the employee to return to work by a specific date or be terminated.

The Board ordered Beardsley to provide his physician's certificate within 10 days of its order. Because this remedy is contemplated by the rule, we reject the University's argument.

## III.

■ The University also argues that the Board committed reversible error when it failed in its order to make extensive findings of fact and conclusions of law. We disagree.

Section 24–50–125.4, C.R.S. (1986 Cum. Supp.) contemplates a hearing at which a hearing officer enters the initial findings and conclusions. The review of the hearing officer's decision is conducted pursuant to § 24–4–105(15)(b), and that statute does not require the Board to make additional findings of fact. In any event, the Board's decision will be upheld if, as here, there is

sufficient evidence in the record to support it. *Eliopulos v. Colorado State Personnel Board,* 705 P.2d 1035 (Colo.App.1985). Although it would be a better practice for the Board to enter specific findings of fact and conclusions, its failure to do so in this case does not require reversal.

The order is affirmed.

PIERCE and KELLY, JJ., concur.