Nellie McCOY, Complainant–Appellee,

and

State Personnel Board of the State of Colorado, Appellee,

v.

DEPARTMENT OF SOCIAL SERVICES, DIVISION OF AGING AND ADULT SERVICES, Respondent–Appellant.

No. 89CA0572.

Colorado Court of Appeals, Div. III.

July 19, 1990.

James R. Gilsdorf, Sheila H. Meer, P.C., Sheila H. Meer, Denver, for complainant-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Stacy L. Worthington, Asst. Atty. Gen., Denver, for respondent-appellant.

Opinion by Judge JONES.

Respondent, the Department of Social Services, Division of Aging and Adult Services (the Department), appeals from the decision of the State Personnel Board (the Board) regarding the employment status of complainant, Nellie McCoy, with the Department. We affirm the order in part and set aside in part.

McCoy was employed by the Department as an Administrative Officer II, and was a certified employee in that position. Following a desk audit, her position was reclassified, and she began a six-month trial service period as an Administrative Officer III with the Department on December 1, 1987. *See* State Personnel Board Policy 6–1(B), 4 Code Colo.Reg. 801–1 (1989); State Personnel Board Procedure P6–1–2, 4 Code Colo. Reg. 801–2 (1989); § 24–50–115(6), C.R.S. (1988 Repl.Vol. 10B). However, on May 25, 1988, McCoy was notified that her job performance as an Administrative Officer III during the trial service period was not satisfactory, and she was reverted to her former position as an Administrative Officer II, effective June 1, 1988. *See* State Personnel Board Procedure P6–1–2, *supra; see also* § 24–50–115(6), C.R.S. (1988 Repl. Vol. 10B).

McCoy appealed her reversion to the Board. *Compare* State Personnel Board Rule R10–5–1(B)(2), 4 Code Colo.Reg. 801–1 (1986) and State Personnel Board Procedure P6–1–2(F), 4 Code Colo.Reg. 801–2 (1986) (providing that trial service employees do *not* have a mandatory *right* to appeal their reversion for unsatisfactory performance) *with* State Personnel Board Rule R10–4–1(C), 4 Code Colo.Reg. 801–1 (1988) (providing that the Board, in its discretion, may grant a hearing to review a trial service employee's reversion for unsatisfactory performance).

The Board ruled that the reversion of a trial service employee for unsatisfactory performance is a disciplinary action, and that the Department was therefore required to conduct a pre-disciplinary meeting with McCoy prior to the reversion. *See* State Personnel Board Rule R8–3–3(D)(1), 4 Code Colo.Reg. 801–1 (1989). Since no such pre-disciplinary meeting had been conducted, the Board rescinded the reversion, and ordered that McCoy be certified as an Administrative Officer III and that she be awarded back pay and benefits.

I.

■ The Department first contends that the pre-disciplinary meeting issue was not raised prior to the administrative hearing and that the Board therefore erred in basing its decision on an issue that had been waived. We disagree.

Here, although the record shows that the lack of a pre-disciplinary meeting under State Personnel Board Rule R8–3–3(D)(1) was not specifically raised as an issue in the pre-hearing pleadings, it, nevertheless, also shows that one of the issues consistently raised in those pleadings was McCoy's claim that she was not given notice of any performance problems prior to her reversion for unsatisfactory performance. We conclude that this notice claim was sufficient to raise the issue as to the lack of a pre-disciplinary meeting because one purpose of such a meeting is to provide an employee with notice of a possible disciplinary problem, including poor job performance. *See* State Personnel Board Rule R8–3–3(D)(1), *supra*. Thus, we reject the Department's argument that McCoy waived or was estopped from asserting this issue. *See Department of Health v. Donahue*, 690 P.2d 243 (Colo.1984); *see also*

State Personnel Board Rule R1–3–3, 4 Code Colo.Reg. 801–1 (1986).

## II.

■ We also reject the Department's argument that the Board erred in ruling that a trial service employee's reversion to a former position for unsatisfactory performance is a disciplinary action.

■ In its ruling, the Board relied upon State Personnel Board Rule R10–5–1(B)(2), *supra,* which provides that a reversion for unsatisfactory performance is an exception to a trial service employee's right to appeal *disciplinary actions. See also* State Personnel Board Rule R8–3–3(A), 4 Code Colo. Reg. 801–1 (1986) (providing that disciplinary actions are administered for, among other things, poor job performance). We note that the Board's interpretation of its own rules is generally entitled to great weight unless plainly erroneous, and we perceive no error in the Board's interpretation here. *See Department of Administration v. State Personnel Board,* 703 P.2d 595 (Colo.App.1985).

Thus, we conclude that a trial service employee's reversion to a former position for unsatisfactory performance is a disciplinary action.

## III.

■ Finally, the Department contends that the remedy ordered by the Board for the Department's failure to conduct the pre-disciplinary meeting was disproportionate to the harm sustained by McCoy and must, therefore, be overturned. We agree.

Here, McCoy's procedural rights were violated when she failed to receive a pre-disciplinary meeting prior to her reversion for unsatisfactory performance. The propriety of any remedy for this violation must be evaluated in light of McCoy's status as a trial service employee. *See Department of Health v. Donahue, supra.*

As a trial service employee, McCoy, like a probationary employee, had no right to appeal a reversion for unsatisfactory per-

formance. State Personnel Board Rule R10–5–1(B)(2), *supra;* State Personnel Board Procedure P6–1–2(F), *supra; see* §§ 24–50–115(6) & 24–50–125(5), C.R.S. (1988 Repl.Vol. 10B). Moreover, McCoy's reversion by the Department was in fact based on her unsatisfactory job performance.

In similar circumstances, the supreme court has held that the proper remedy for the violation of a probationary employee's right to a pre-disciplinary meeting prior to her dismissal for unsatisfactory performance was an award of back pay for the unexpired period of the probationary term only, and has overturned the Board's order of reinstatement with full back pay. *Department of Health v. Donahue, supra.*

Here, because her reversion for unsatisfactory performance was not effective until June 1, 1988, McCoy has already received compensation as an Administrative Officer III for the full six-month trial service period. Thus, notwithstanding the violation of McCoy's procedural rights, she has already received full compensation for that procedural violation. Therefore, the Board's order for certification with full back pay cannot be upheld, because it bestows on McCoy an economic windfall vastly disproportionate to the legal wrong she sustained. *See Department of Health v. Donahue, supra.*

Accordingly, the Board's ruling that McCoy was entitled to a pre-disciplinary meeting prior to her reversion is affirmed; however, the Board's order awarding McCoy back pay and certification as an Administrative Officer III is set aside.

STERNBERG, C.J., and NEY, J., concur.