Lorretta ROSE, Complainant–Appellee,

and

The State Personnel Board, Appellee,

v.

DEPARTMENT OF INSTITUTIONS, PUEBLO REGIONAL CENTER, Respondent–Appellant.

No. 90CA135.

Colorado Court of Appeals, Div. V.

Sept. 12, 1991.

Rehearing Denied Oct. 17, 1991.

Certiorari Denied March 10, 1992.

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const., art. VI, § 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Cantrick & Rees, P.C., David K. Rees, Joel W. Cantrick, Denver, for complainant-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for respondent-appellant Dept. of Institutions, Pueblo Regional Center.

No appearance for appellee State Personnel Bd.

Opinion by Judge PLANK.

Respondent, the Department of Institutions, Pueblo Regional Center (the Department), appeals from a decision of the State Personnel Board (the Board) which ordered the reinstatement of complainant, Lorretta Rose, to her position with the Department with back pay, except for a 135–day suspension period imposed as a disciplinary sanction. We affirm.

The Department terminated complainant's employment as a clinical therapist IV on March 17, 1988, based on her alleged failure to provide certain occupational therapy program services to clients which resulted in client abuse. Complainant appealed her termination to the Board, and an evidentiary hearing was conducted before a hearing officer for the Board.

The hearing officer found that some deficiencies in complainant's job performance had been established and concluded that the imposition of some disciplinary action was therefore justified. However, the hearing officer ruled that termination was an excessive disciplinary sanction for the conduct established at the hearing. The hearing officer therefore reversed the termination and, pursuant to State Personnel Board Rule R8–3–4(A)(1), substituted in its place a disciplinary suspension for the period from the date of the termination to the date of the hearing officer's ruling, which was August 14, 1989.

On September 6, 1989, the Board notified the parties that it would review the hearing officer's ruling on its own motion, as to "the discipline imposed by the hearing officer." Later, complainant also filed an administrative appeal of the hearing officer's ruling with the Board. The Department, however, did not file any appeal of the hearing officer's ruling with the Board.

On the Board's review on its own motion, the Board adopted the findings of fact and conclusions of law of the hearing officer, but the Board set aside the 17–month disciplinary suspension imposed by the hearing officer and substituted in its place a 135-calendar-day suspension period instead. Later, on complainant's appeal, the Board again adopted the findings of fact and conclusions of law of the hearing officer, reaffirmed its earlier decision to impose a 135-calendar-day suspension, and ordered that complainant be reinstated with full back pay and benefits except for the suspension period.

■ On appeal, the Department first contends that the Board erred in substituting its judgment for that of the appointing authority as to the appropriate disciplinary sanction to be imposed against complainant. However, we decline to address the propriety of the appointing authority's selection of termination as the appropriate disciplinary sanction because the Department failed to preserve this issue for review by not appealing the hearing officer's initial decision to the Board.

Pursuant to § 24–50–125.4(4), C.R.S. (1988 Repl.Vol. 10B), when a hearing officer conducts a hearing on behalf of the Board, "any party who seeks to modify the

initial decision [of the hearing officer] must file an appeal with the board within thirty days of the initial decision." *See also* § 24–4–105(14), C.R.S. (1988 Repl.Vol. 10A). Thus, if the Department wished to challenge the authority of the hearing officer to modify appointing authority's disciplinary sanction, it was required by the express provisions of the statute to file an appeal of the hearing officer's ruling with the Board. *See Vendetti v. University of Southern Colorado,* 793 P.2d 657 (Colo. App.1990); *Fiebig v. Wheat Ridge Regional Center,* 782 P.2d 814 (Colo.App.1989).

■ Furthermore, contrary to the Department's argument, this issue was not preserved for review when the Department raised this issue in its brief on *complainant's* appeal to the Board, and we therefore will not consider it.

■ In addition, although the Department on appeal may challenge the Board's reduction in the length of the disciplinary suspension imposed by the hearing officer from 17 months to 135 days, we reject the Department's argument that the Board abused its discretion in doing so.

■ Pursuant to § 24–50–125.4(4), C.R.S. (1988 Repl.Vol. 10B), the Board is required to conduct its review of a hearing officer's ruling in accordance with § 24–4–105(15)(b), C.R.S. (1988 Repl.Vol. 10B) of the state Administrative Procedure Act (APA). Under that section of the APA, the ultimate conclusions of fact made by the hearing officer are not binding on the Board, including the determination of the appropriate level of disciplinary sanctions to be imposed, and the Board is expressly authorized to modify any sanction imposed "in conformity with the facts and the law." Section 24–4–105(15)(b), C.R.S. (1988 Repl. Vol. 10A). *See Beardsley v. Colorado State University,* 746 P.2d 1350 (Colo.App. 1987); *Adkins v. Division of Youth Services,* 720 P.2d 626 (Colo.App.1986). Moreover, under the standard of review applicable here, the sanction imposed by the Board must be upheld on review by this court as long as it is warranted by the evidentiary findings and has a reasonable basis in law.

*Beardsley, supra; Ricci v. Davis,* 627 P.2d 1111 (Colo.1981).

Here, the Board's reduction in the length of the disciplinary suspension imposed by the hearing officer was apparently based on its interpretation of the regulation relied upon by the hearing officer. State Personnel Board Rule R8–3–4(A)(1), 4 Code Colo. Reg. 801–1 (1987), provides that, if the Board or a hearing officer reverses a termination, but finds valid justification for the imposition of some disciplinary action, "a suspension may be substituted for a period of time up to the time of the decision." *See also* State Personnel Board Rule R8–3–1(B), 4 Code Colo.Reg. 801–1 (1986) (providing for proportional discipline).

Nevertheless, under the statutory deadlines applicable to disciplinary proceedings before hearing officers for the Board, hearings are required to commence no later than 45 calendar days after the initial appeal is filed, with the possibility of only one continuance for no more than another 45 days, and the hearing officer is required to issue a written decision within 45 calendar days after the conclusion of the hearing. Sections 24–50–125(4) & 24–50–125.4(2) & (3), C.R.S. (1988 Repl.Vol. 10B).

The total of these statutory time periods is 135 calendar days, and the Board's decision to reduce the length of the disciplinary suspension to this time period apparently reflects a determination by the Board that the maximum suspension period under Rule R8–3–4(A)(1) is 135 calendar days because of these statutory deadlines.

We note that the Board's interpretation of its own rules is generally entitled to great weight unless it is plainly erroneous, and we perceive no error in the Board's interpretation of Rule R8–3–4(A)(1) here. *See Ornelas v. Department of Institutions,* 804 P.2d 235 (Colo.App.1990); *McCoy v. Department of Social Services,* 796 P.2d 77 (Colo.App.1990).

Since the disciplinary sanction imposed by the Board therefore has a reasonable basis in law and is warranted by the evidentiary findings, it will not be disturbed on review. *See Beardsley, supra; Adkins, supra.*

We also reject the Department's argument that the Board's decision to reduce the length of the disciplinary suspension on review on its own motion violated the Department's due process rights.

■ The Board is expressly authorized under the APA to review a hearing officer's initial decision on its own motion. Section 24-4-105(14), C.R.S. (1988 Repl.Vol. 10A); *see also* § 24-4-105(1), C.R.S. (1988 Repl.Vol. 10A) (stating that APA provisions are applicable "[i]n order to assure that all parties to any agency adjudicatory proceeding are accorded due process of law"). Moreover, there is no statutory or constitutional requirement that the Board even give notice of the time and place of its review of the hearing officer's ruling in such matters. *Davis v. State Board of Psychologist Examiners*, 791 P.2d 1198 (Colo.App.1989); *Dixon v. State Board of Optometric Examiners*, 39 Colo.App. 200, 565 P.2d 960 (1977); *see* § 24-4-105(15), C.R.S. (1988 Repl.Vol. 10A).

■ Even so, we note that the Board here gave such notice to the parties. In addition, the Department also had ample opportunity to address the issues in its brief on complainant's appeal to the Board, and the Department also could have filed an appeal to the Board itself. Thus, the Department's claim that the Board's review of the hearing officer's ruling was procedurally defective is completely without merit.

Complainant's request for an award of attorney fees incurred in defending this appeal pursuant to § 13-17-101, et seq., C.R.S. (1987 Repl.Vol. 6A) is denied.

Accordingly, the Board's order is affirmed.

JONES and NEY, JJ., concur.