**NATIONAL INSTITUTE OF NU-TRITIONAL EDUCATION, Plaintiff–Appellee,**

v.

**Natalie MEYER, Secretary of State of Colorado, Defendant–Appellant.**

**No. 92CA0804.**

Colorado Court of Appeals, Div. II.

May 20, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Maurice G. Knaizer, Asst. Atty. Gen., Denver, for plaintiff-appellee.

No appearance for defendant-appellant.

Opinion by Judge HUME.

Defendant, Natalie Meyer, Secretary of State of Colorado, appeals a district court judgment determining that plaintiff, National Institute of Nutritional Education (NINE), presented a proper issue for an administrative declaratory order and remanding that issue for resolution by defendant. We reverse.

When NINE applied for a bingo-raffle license, the Department of State rejected it on the grounds that national, regional, and interstate organizations are ineligible for such licensing pursuant to Colo. Const. art. XVIII and the Bingo and Raffles Law, § 12–9–101, et seq., C.R.S. (1991 Repl.Vol. 5A). After conducting a hearing on NINE's administrative appeal, defendant upheld the rejection of NINE's application on the grounds that, because of its extensive activities outside Colorado, NINE was not an organization "within the state," as required by the Bingo and Raffles Law. Thereafter, NINE sought judicial review of the denial of its license application.

The parties stipulated for a stay of judicial review proceedings to afford NINE an opportunity to seek declaratory relief before defendant as to two issues. Defendant later denied the requests for declaratory relief on the ground that both issues were hypothetical and, further, that their resolution would not resolve the pending controversy. NINE then amended its complaint to include an appeal of defendant's denial of its requests for declaratory relief.

The district court ultimately upheld defendant's determination that NINE was not an organization "within the state" and the denial of one of NINE's requests for declaratory judgment as hypothetical. However, it determined that the question of whether "an organization formed or incorporated in a state other than Colorado can be 'within the state' under § 12–9–102, and entitled to a bingo-raffle license if otherwise qualified" was not hypothetical and, thus, was proper for a declaratory ruling. The court remanded the cause to defendant for determination of that request.

Defendant appealed, contending that the district court erred in finding and determining that one of the declaratory issues presented to her was not hypothetical. We agree.

Defendant has discretion to decide whether to rule upon a petition for declaratory relief in appropriate circumstances. *See* Secretary of State Rule 1, 8 Code Colo. Reg. 1505–3; § 24–4–105(11), C.R.S. (1988 Repl.Vol. 10A).

■ An administrative agency's determination of ultimate fact may be set aside on review if it is unsupported by any reasonable basis. *Electric Power Research Institute, Inc. v. City & County of Denver*, 737 P.d 822 (Colo.1987). However, if there is sufficient evidentiary support in the record for that decision, a reviewing court must defer to the decision of an administrative agency as to matters within the agency's discretion. *Van Sickle v. Boyes*, 797 P.2d 1267 (Colo.1990).

As pertinent here, defendant was obliged to consider, among other things:

(1) Whether a ruling on the petition [would] terminate a controversy or remove uncertainties as to the applicability to the petitioner of any statutory provision, rule or order....

. . . .

(4) Whether the petition seeks a ruling on a moot or hypothetical question or will result in an advisory ruling or opinion.

Secretary of State Rule 1.2(B), 8 Code Colo. Reg. 1505–3.

■ Authority to grant declaratory relief does not properly extend to entering advisory rulings as to hypothetical issues

which may never arise; there must be an existent justiciable or legal controversy, rather than a mere possibility that at some future time such a question may arise. *See Three Bells Ranch Associates v. Cache La Poudre Water Users Ass'n,* 758 P.2d 164 (Colo.1988).

■ Here, defendant denied NINE's license application based on a determination that it was not an organization "within the state." That ruling was premised on evidence that NINE:

> is a Florida nonprofit corporation authorized to do business in Colorado. Its membership lists demonstrated that the majority of its members are outside this state. Its home study and testing activities take place in the state in which the member-student lives, and so are also outside of Colorado in the majority of cases. Likewise, [its] graduation exercises are generally outside this state.

Thus, the record indicates that NINE was not "otherwise qualified" for a bingo-raffle license even if, under Colorado law, some other out-of-state corporation might be eligible. Therefore, the facts of this case do not fit the question presented, and its resolution would not resolve any existing controversy.

Contrary to the district court's ruling, we conclude that defendant's determination that both questions presented for declaratory judgment were hypothetical is adequately supported by competent evidence, thus requiring its affirmance. *See Ross v. Fire & Police Pension Ass'n,* 713 P.2d 1304 (Colo.1986); § 24–4–106(7), C.R.S. (1988 Repl.Vol. 10A).

The district court judgment is reversed insofar as it remands the cause for further consideration of the petition for declaratory relief.

STERNBERG, C.J., and TURSI, J., concur.