**Norma H. COFFEY, Complainant–Appellant,**

v.

**COLORADO SCHOOL OF MINES, Respondent–Appellee,**

and

**Colorado State Personnel Board, Appellee.**

**No. 92CA1588.**

Colorado Court of Appeals, Div. IV.

Nov. 4, 1993.

Rehearing Denied Dec. 16, 1993.

Certiorari Denied April 11, 1994.

Law Offices of Richard LaFond, Richard C. LaFond, Arnold M. Woods, Denver, for complainant-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Michael W. Schreiner, Asst. Atty. Gen., Denver, for respondent-appellee.

No appearance for appellee.

Opinion by Judge VAN CISE *.

Norma H. Coffey appeals the decision of the State Personnel Board which reversed an administrative law judge's award of attorney fees pursuant to § 24–50–125.5(1), C.R.S. (1988 Repl.Vol. 10B). We set aside the order and remand for further proceedings.

In 1985 Coffey was hired as a secretary for a section of the plant facilities division of the Colorado School of Mines. In early 1990 the

manager for Coffey's section suggested that she needed psychological counseling. When Coffey disagreed, the manager told her that if she did not voluntarily obtain counseling by a certain date, it would be required as a condition of her continued employment. Coffey filed a grievance, but the manager's directive was upheld by the division director, the appointing authority, and the personnel director.

Coffey nonetheless refused to comply with the directive, and, as a result, she received a one-week suspension. After Coffey returned from her suspension, she discovered that a number of personal items were missing from her desk. Coffey complained about this development, and her supervisors agreed to hold a meeting to determine whether the items had been taken by a temporary employee. Just before the meeting began, the division director told Coffey that she would not be allowed to attend. Coffey reacted angrily, and a short time later she lost her temper once again when she attempted to contact an administrator to protest her exclusion from the meeting.

As a result of this series of events, Coffey's employment was terminated. On review, the administrative law judge (ALJ) ruled that Coffey's supervisors had no authority to order psychological counseling and, therefore, no basis for imposing the one-week suspension. The ALJ went on to conclude that although Coffey should be disciplined for her outbursts after she was excluded from the supervisors' meeting, the sanction of dismissal "was so excessive as to be arbitrary and capricious." Accordingly, the ALJ ordered that Coffey be reinstated and her disciplinary action be reduced to a three-day suspension. The order was subsequently amended to include an award of attorney fees and costs under § 24–50–125.5, C.R.S. (1988 Repl.Vol. 10B) of the State Personnel System Act.

Coffey's employer appealed this decision, and the State Personnel Board affirmed the ALJ's ruling in all respects except for the

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

**610**

award of attorney fees and costs, which was reversed without comment.

■ The sole issue presented in this appeal is whether the State Personnel Board erred in reversing the ALJ's award of attorney fees and costs. We conclude that an award was required under § 24–50–125.5.

Section 24–50–125.5(1) provides, in pertinent part, as follows:

> Upon final resolution of any proceeding related to the provisions of this article, if it is found that *the personnel action* from which the proceeding arose ... was instituted frivolously, in bad faith, maliciously, or as a means of harassment or *was otherwise groundless*, ... the department, agency, board, or commission taking such personnel action *shall* be liable for any attorney fees and other costs incurred by the employee.... (emphasis added)

■ The position of Coffey's employer, which was apparently adopted by the State Personnel Board, was that the personnel action here at issue cannot be considered groundless if there was a basis for imposing *some* discipline. This argument overlooks the familiar principle of statutory construction that the use of the definite article particularizes the subject which it precedes. *See City of Ouray v. Olin,* 761 P.2d 784 (Colo. 1988); *Brooks v. Zabka,* 168 Colo. 265, 450 P.2d 653 (1969). Thus, the reference in § 24–50–125.5(1) to whether "*the* personnel action" was groundless is properly interpreted as focusing on the particular disciplinary action that was taken, which in this case was the termination of Coffee's employment. Since it is undisputed that Coffey's employer had no grounds to seek her discharge, an award of attorney fees was mandated under the statute.

The order is set aside, and the cause is remanded to the State Personnel Board for further proceedings consistent with this opinion.

REED and RULAND, JJ., concur.