Carlos M. RENTERIA, Complainant–Appellee and Cross–Appellant,

v.

DEPARTMENT OF LABOR AND EMPLOYMENT, Respondent–Appellant and Cross–Appellee,

and

State Board of Personnel, Appellee.

No. 93CA1280.

Colorado Court of Appeals, Div. V.

Nov. 17, 1994.

Rehearing Denied Jan. 26, 1995.

The Law Office of Eva Camacho Woodard, Eva Camacho Woodard, Lakewood, for complainant-appellee and cross-appellant.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Michael P. Serruto, Asst. Atty. Gen., Denver, for respondent-appellant and cross-appellee.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas D. Fears, Asst. Atty. Gen., Denver, for appellee.

Opinion by Judge RULAND.

Following the remand in *Renteria v. State Department of Personnel*, 811 P.2d 797 (Colo.1991) (*Renteria I*), the State Personnel Board designated an Administrative Law Judge (ALJ) to conduct a hearing on the claim of complainant, Carlos M. Renteria, that his demotion from the position of supervisory investigator was a pretext for discipline. Renteria also claimed that he was constructively discharged as a result of his demotion by respondent, Department of Labor. The ALJ agreed and the Board affirmed these findings, but modified the remedy awarded by the ALJ. Both parties appeal certain provisions of the Board's order. We affirm and remand for further proceedings.

In July of 1988, Renteria's supervisor revised his job description with the Department as a part of an alleged reorganization. Renteria was thus demoted from the position of "Supervisory Investigator I" to that of "Investigator B." The reorganization is referred to as a "downward reallocation of position" for purposes of the personnel rules applicable here.

Renteria appealed the reallocation decision to the State Personnel Director consistent with the advisement of a personnel analyst as to his appeal rights. In that appeal, he complained both that the reallocation violated personnel rules and that he was a victim of discrimination.

The Personnel Director first referred his discrimination claim to the Board for consideration on the basis that only the Board had jurisdiction to consider this claim. Claimant's challenge to the reallocation was referred to a Panel appointed by the Director.

In his complaint to the Panel, Renteria alleged, among other things, that the reassignment of his supervisory duties constituted a mere pretext for disciplinary action. The Panel upheld the reallocation decision, but ruled that it did not have authority to adjudicate the discipline claim.

Our supreme court ultimately affirmed the Panel's decision relative to the reallocation in *Renteria I*, but remanded the case for consideration by the Board of Renteria's pretextual discipline claim. The basis for the remand was the fact that Renteria was not notified of his right to appeal the pretextual discipline claim to the Board and thus he had improperly presented that issue to the Panel.

Following an evidentiary hearing on remand, an ALJ determined that Renteria had indeed been subjected to a pretextual discipline demotion and that he was subsequently constructively discharged. The ALJ also found that, as a result of various actions by his supervisor and his former subordinates, Renteria became mentally and physically disabled and was awarded Public Employees' Retirement Association (PERA) disability payments.

Renteria testified that he had recovered from the disability caused by the actions of the Department. The ALJ determined that Renteria should be reinstated with back pay, including all regularly scheduled increases and PERA benefits attributable to the back pay, subject only to an offset for certain earnings as an Investigator. The ALJ also awarded Renteria reasonable attorney fees and costs for this proceeding on the basis that the Department had acted in bad faith. As pertinent here, the Board affirmed the ALJ's findings and remedy except that it also offset the PERA disability payments against the award of back pay.

Following the submission of briefs by the parties to this appeal, the Department voluntarily reinstated Renteria to his former position. As a result, the Department has withdrawn its challenge to the finding that Renteria was subjected to a pretextual discipline demotion and that he was constructively discharged. Thus, we address only the parties' contentions relative to the remedy chosen by the Board.

I

The parties assert various contentions relative to the Board's award of back pay and benefits.

### A

■ Relying upon *Beardsley v. Colorado State University,* 746 P.2d 1350 (Colo.App. 1987), the Department contends that the award of any back pay by the Board during the period when Renteria received PERA disability was improper because Renteria was not able to work during that time. Renteria responds, however, that because the Department caused his disability, he was entitled to back pay. Under the unique facts of this case, we agree with the Board's ruling.

In *Beardsley, supra,* the complainant was terminated by the university because he was unable to return to work for the campus police department because of stress-related physical problems. The hearing officer concluded that the termination was improper because complainant's sick leave had not been exhausted. The officer ordered reinstatement and back pay from the date of termination.

On appeal, the Board reversed the determination that complainant was entitled to back pay. The Board reasoned that such an award was improper because the complainant was physically unable to return to work. A division of this court affirmed on the basis that the proper relief to be awarded was a question of ultimate fact for the Board and that it was authorized to modify the hearing officer's decision pursuant to § 24-4-105(15)(b), C.R.S. (1988 Repl.Vol. 10A).

Here, unlike *Beardsley,* the ALJ found with record support, and the Board agreed, that the Department caused Renteria to become disabled and thus unable to return to work. Specifically, the Board concluded:

> But for the wrongful demotion of Mr. Renteria by the [Department], Mr. Renteria would not have been subjected to the hostile working conditions.... These hostile working conditions were known, or should have been known, by [his] supervisor.... But for these known, hostile working conditions, in conjunction with the wrongful demotion of Mr. Renteria, Mr. Renteria would not have been forced to accept a PERA disability retirement.

Under these circumstances, we do not view the analysis in *Beardsley* as applicable. Instead, we view *Department of Health v. Donahue,* 690 P.2d 243 (Colo.1984) as authorizing the remedy adopted by the Board. There, our supreme court held that the economic remedy awarded by the Board should equal, to the extent practicable, the wrong actually sustained.

Given the specific finding that the Department caused Renteria's constructive discharge, we conclude that the Board properly awarded back pay as offset by the disability payments. Otherwise, Renteria would not receive adequate economic redress for the legal wrong committed.

### B

■ The Department further asserts that the Board erred in awarding back pay during the period of Renteria's disability on the basis that the Workers' Compensation Act represents the sole remedy for any disability suffered through the acts of his supervisor and his co-employees. Again, we disagree.

The award is a proper remedy for the violation of Renteria's employment rights as a state employee which results in a constructive discharge. Contrary to the Department's suggestion, simply because a violation of those rights also leads to a form of disability does not defeat Renteria's remedy as a state employee, which finds its genesis in Colo. Const. art. XII, § 13(8). *See Bardsley v. Colorado Department of Public Safety,* 870 P.2d 641 (Colo.App.1994) (neither the executive nor legislative branch can deny to certified state employees the tenure rights granted to them by the Civil Service Amendment). As a result, we conclude that the Workers' Compensation Act does not preclude Renteria from asserting his claim as a state employee.

### C

■ Renteria contends that the Board erred in awarding an offset from his back pay for disability payments received from PERA. Because of the finding that Renteria's supervisor was, in effect, responsible for his disability, Renteria argues that the Board abused its discretion in allowing the offset. In the alternative, Renteria complains that

the offset is, in effect, a penalty because he loses service credit towards retirement during the period of his disability. We are unable to conclude that the Board's ruling was error.

We view *Donahue, supra,* as dispositive of Renteria's contention that the Board may not order the offset. There, our supreme court noted that any award of back pay must be offset by amounts received by the complainant as unemployment compensation.

In the context at issue here, we view the disability payments from PERA as being analogous to unemployment compensation. The Department contributes for both programs. *See* § 8–76–111, C.R.S. (1986 Repl. Vol. 3B); § 24–51–401, C.R.S. (1994 Cum. Supp.). Also, both programs are designed to alleviate the impact of unemployment when the employee is not deemed responsible for the loss of his or her employment position. Hence, we conclude that the Board acted within its discretion in determining that an offset for the PERA disability benefits should be deducted from an award of back pay. *See Beardsley v. Colorado State University, supra; see also Rose v. Department of Institutions,* 826 P.2d 379 (Colo.App.1991) (Board's conclusion must be upheld on review as long as it is warranted by the evidentiary findings and has a reasonable basis in the law).

To the extent that Renteria argues that the offset is a penalty, we disagree. As we read the Board's order, it affirmed the ALJ's finding that the award of back pay must include all contributions to PERA attributable to claimant's back pay. This necessarily includes the Department's required contribution as well as Renteria's. On this record, we are unable to conclude that, given the amounts awarded for PERA contributions, the remedy is insufficient economic redress for the legal wrong.

## II

Both parties challenge the Board's award of attorney fees and costs.

### A

■ The Department contends that the Board erred in awarding any fees and costs for representation of Renteria in this proceeding. Specifically, the Department contends that the Board abused its discretion in approving the ALJ's determination that the Department acted in bad faith pursuant to § 24–50–125.5, C.R.S. (1988 Repl.Vol. 10B). We find no merit in this contention.

■ As noted, the applicable standard of review requires us to affirm this ultimate conclusion if it is warranted by the evidentiary findings and if it has a reasonable basis in the law. *Rose v. Department of Institutions, supra; see also Samaritan Institute v. Prince–Walker,* 883 P.2d 3 (Colo.1994).

Here, we conclude that the evidentiary findings which form the basis for the conclusion that the Department acted in bad faith are not against the weight of the evidence. *See Garcia v. Department of Highways,* 713 P.2d 420 (Colo.App.1985). Specifically, the weight of the evidence supports the finding that Renteria's supervisor determined to create a new position in the Department through a procedure that would deprive Renteria of his rights to appeal the decision.

The weight of the evidence also supports the finding that, after accomplishing Renteria's demotion, the supervisor directed Renteria to vacate his office and move to other quarters where Renteria could not escape the embarrassment of having members of the public and other agencies observe that he was no longer the supervisor of his unit. Finally, the weight of the evidence supports the finding that the supervisor knew or should have known that Renteria would be subjected to adverse treatment by his former subordinates and took no steps to prevent that unwarranted treatment.

As a result, in our view, these evidentiary findings support the ultimate conclusion that the Department acted in bad faith. *See National Institute of Nutritional Education v. Meyer,* 855 P.2d 31 (Colo.App.1993).

### B

■ Relying upon *Coffey v. Colorado School of Mines,* 870 P.2d 608 (Colo.App.

1993), Renteria contends that the Board erred in not awarding fees and costs incurred in the proceedings before the State Personnel Director and the Panel which culminated in *Renteria I.* We are not persuaded.

In *Coffey, supra,* a division of this court held that fees were mandated based upon a determination that the complainant's employer lacked grounds for her termination. Unlike *Coffey,* however, in our view, the issue whether a downward reallocation addressed in *Renteria I* was authorized under the applicable rules is separate from the issue whether the Department abused Renteria's state employment rights during the course of that process.

Hence, even if we assume that the Board has authority to award fees and costs for a proceeding before the State Personnel Director, we conclude that the Board did not abuse its discretion in declining to enter an award here. Specifically, there was no finding, and the record does not demonstrate, that the initial advice to Renteria regarding his appeal rights, which generated the proceeding before the State Personnel Director, was made in bad faith. Under these circumstances, an award of fees is not authorized by the statute.

### III

Renteria contends that the Department has misapplied the Board's order following his reinstatement relative to his accrued sick leave, vacation time, and to his entitlement to interest on back pay. However, these issues have arisen by reason of Renteria's reinstatement during the pendency of this appeal, and thus, they must be first presented to the Board for its consideration.

The order is affirmed, and the cause is remanded to the Board for further proceedings consistent with the views expressed in this opinion.

BRIGGS and TAUBMAN, JJ., concur.