Joseph Carlos LUCERO, Complainant–Appellant and Cross–Appellee,

v.

DEPARTMENT OF INSTITUTIONS, DIVISION OF DEVELOPMENTAL DISABILITIES, Wheat Ridge Regional Center, Respondents–Appellees and Cross–Appellants,

and

Colorado State Personnel Board, Appellee.

No. 95CA1926.

Colorado Court of Appeals, Div. I.

Dec. 12, 1996.

Rehearing Denied Jan. 16, 1997.

Certiorari Denied Aug. 25, 1997.

Dennis H. Gunther, Wheat Ridge, for Complainant–Appellant and Cross–Appellee.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Toni Jo Gray, Assistant Attorney General, Denver, for Respondents–Appellees and Cross–Appellants.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, G. Charles Robertson, Assistant Attorney General, Denver, for Appellee.

Opinion by Judge METZGER.

In this personnel action, the complainant, Joseph Carlos Lucero, appeals, and the respondent, the Department of Institutions, Division of Developmental Disabilities (Department), Wheat Ridge Regional Center (Ridge), cross-appeals an order of the Colorado State Personnel Board (Board) modifying the termination of complainant's probationary employment with the Department, awarding complainant six months' back pay, and denying both parties attorney fees and costs. We affirm in part and reverse in part.

In March 1993, complainant was appointed to a temporary position as a psychiatric care technician at Ridge. At the same time he was admitted into a training program for this position. Successful completion of the four-month training program triggered a trainee's eligibility for appointment to a "permanent probationary position" as a psychiatric care technician at Ridge.

In June 1993, the Director of Staff Development at Ridge advised all trainees, including complainant, that they had successfully completed the training program and that they were appointed to permanent probationary positions.

On July 9, 1993, complainant was placed on paid administrative leave for allegedly physically abusing a Ridge client.

The appointing authority, considering complainant to be a temporary employee, concluded that a pretermination meeting pursuant to State Personnel Board Rule 8–3–3, 4 Code Colo. Reg. 801–1, was unnecessary. In light of the standard practice at Ridge to terminate any employee who abuses a client, the appointing authority notified complainant on July 22, 1993, that his "temporary appointment" with Ridge was terminated.

Complainant appealed, asserting that he was a certified employee and alleging that his termination was arbitrary, capricious, and contrary to law. Because a temporary employee has no right to appeal his termination, *see* State Personnel Board Policy 6–1(F), 4

Code Colo. Reg. 801–1, complainant's appeal was dismissed.

Complainant moved for reconsideration, arguing that he was a permanent employee. The Administrative Law Judge (ALJ) granted complainant's motion and a hearing was held on complainant's status in December 1993. In January, the ALJ ruled that complainant was a permanent probationary employee and that he had been terminated for unsatisfactory job performance. The ALJ then ordered that complainant's appeal be treated as a petition for a discretionary hearing pursuant to State Personnel Board Rule 10–4–1 and 10–4–2, 4 Code Colo. Reg. 801–1.

The ALJ recommended that complainant not be granted a hearing. The Board disagreed and a hearing was scheduled.

This hearing was held in March 1995 and the ALJ found that the evidence supported complainant's termination. However, he awarded complainant six months' back pay. The modification and resulting award were based on the ALJ's conclusion that the Department, in terminating complainant as a temporary employee, rather than terminating him as a probationary employee for unsatisfactory performance, had violated the notice requirements set forth in State Personnel Board Rule 8–3–3(D)(4), 4 Code Colo. Reg. 801–1.

Rule 8–3–3(D)(4) provides that, if disciplinary action is taken, the appointing authority shall notify the employee by certified mail within five days. It further provides:

> The notice shall state the action taken, describe specific charges giving rise to the action, and inform the employee of his rights to appeal the action to the Board within 10 days of receipt of the notice.
>
> . . . .
>
> If the appointing authority fails to follow the procedure outlined in this section, the employee shall be compensated in full for the five day period and until proper notification is received.

Both parties appealed to the Board; it adopted the ALJ's decision.

## I.

Complainant contends that the ALJ, and thus the Board, erred in ordering modification rather than reversal of his termination. We disagree.

The foundations for the order of modification were the ALJ's findings and conclusions that: (1) the complainant had engaged in unsatisfactory job performance as a probationary employee for which termination was an appropriate sanction; and (2) the Department's error in terminating complainant as a temporary employee did not warrant a reversal of his termination for unsatisfactory job performance.

Complainant challenges the ALJ's conclusion that the Department's error did not warrant a reversal of his termination. The crux of his argument is that, if an agency promulgates rules governing termination that are more stringent than due process would require, the agency must "strictly" comply with those rules and its failure to do so invalidates the termination. Thus, he argues that, because Rule 8–3–3(D)(4) directs the Department to serve him written notice of the specific charges against him and of his right to appeal, and the Department did not provide such notice, he is entitled to have his termination reversed.

█ The ALJ rejected this argument, finding that the Department had substantially complied with the rule at issue. We agree with the ALJ's decision but for other reasons. Specifically, we conclude that Rule 8–3–3(D)(4) is inapplicable to probationary employees terminated for unsatisfactory performance. Therefore, complainant is not entitled to have his termination reversed.

█ Probationary employees lack a legally protected interest in continued employment. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Department of Health v. Donahue*, 690 P.2d 243 (Colo.1984).

█ As a result, "unsatisfactory performance" is a ground for dismissal by the appointing authority during the probationary period without right of appeal. Colo. Const. art. XII, § 13(10); §§ 24–50–115(6) and 24–50–125(5), C.R.S. (1988 Repl.Vol. 10B);

*Williams v. Colorado Department of Corrections,* 926 P.2d 110 (Colo.App.1996). *See also Zurek v. Colorado Department of State,* 754 P.2d 390 (Colo.App.1987).

▪ In construing an administrative rule or regulation, we apply the same rules of construction as we would in interpreting a statute. Thus, in order to give consistent, harmonious, and sensible effect to all of the rule's parts, specific provisions, such as the notice requirements, should not be construed in isolation, but must be considered together with the other subsections of the rule. *See Regular Route Common Carrier Conference v. Public Utilities Commission,* 761 P.2d 737 (Colo.1988).

State Personnel Board Rule 8–3–3(D), 4 Code Colo. Reg. 801–1, which sets forth all the procedures for administering disciplinary actions, incorporates this limitation on the rights of probationary employees. When termination is for unsatisfactory performance, this procedural rule expressly excepts such employees from the mandatory requirement of a pretermination meeting before imposition of disciplinary action. State Personnel Board Rule 8–3–3(D)(1), 4 Code Colo. Reg. 801–1 (Subsection 1).

Each of the other subsections of this rule either makes or implies a reference to the mandatory pretermination proceeding set forth in Subsection (1). In particular, one subsection, State Personnel Board Rule 8–3–3(D)(2), 4 Code Colo. Reg. 801–1, describes alternative procedures when the appointing authority is contemplating disciplinary action but reasonable efforts to hold a meeting pursuant to Subsection (1) fail. A second subsection, authorizes alternatives to discipline once the appointing authority, after complying with other rule requirements, concludes that disciplinary action should be imposed. State Personnel Board Rule 8–3–3(D)(3), 4 Code Colo. Reg. 801–1.

It is apparent that the notice requirements of Rule 8–3–3–(D)(4) are intended to address disciplinary actions taken after the pretermination meeting set forth in Rule 8–3–3(D)(1). Inasmuch as probationary employees dismissed for unsatisfactory performance are expressly excluded from the requirements of Rule 8–3–3(D)(1), we conclude that, by implication, they are also excluded from the requirements of Rule 8–3–3(D)(4).

Construing Rule 8–3–3(D)(4) to be applicable to probationary employees dismissed for poor performance would not only be inconsistent with the express intent of the other subsections of Rule 8–3–3(D), but would also obscure the clear distinction between probationary and certified employees set forth in Colo. Const. art. XII, § 13(10), and § 24–50–125(5). *See Department of Health v. Donahue, supra.*

A probationary employee has no protected interest in continued employment and, thus, has no right to appeal a dismissal for unsatisfactory performance. The procedural safeguards found in Rule 8–3–3(D)(4) are designed to protect precisely the rights a probationary employee does not have. *See generally Renteria v. Colorado State Department of Personnel,* 811 P.2d 797 (Colo. 1991). For all of these reasons, we hold that the formal notice provisions of Rule 8–3–3(D)(4) are inapplicable to probationary employees dismissed for unsatisfactory performance.

Inasmuch as complainant's status was that of a probationary employee dismissed for unsatisfactory performance, he was neither entitled to receive, nor was the Department under any obligation to send, formal notice pursuant to Rule 8–3–3(D)(4). Thus, it was not error for the ALJ and the Board to conclude that the Department's failure to comply with the notice requirements of Rule 8–3–3(D)(4) did not warrant reversal of complainant's termination.

## II.

▪ The Department contends in its cross-appeal that the ALJ and the Board erred in awarding complainant six months' back pay. Under the circumstances here, we agree.

The ALJ based the award on his conclusion that complainant was not informed that he was a probationary employee dismissed for unsatisfactory performance until six months after his termination. Applying Rule 8–3–3(D)(4), the ALJ concluded that com-

plainant was entitled to back pay for this delay.

■ The proper relief to be awarded the complainant is a question of ultimate fact. *Beardsley v. Colorado State University,* 746 P.2d 1350 (Colo.App.1987). The ALJ and Board's resolution of this question of fact can only be set aside if it is unsupported by any competent evidence or has no reasonable basis in the law. *Renteria v. Department of Labor & Employment,* 907 P.2d 619 (Colo. App.1994).

Based on our conclusion that Rule 8–3–3(D)(4) does not apply to probationary employees terminated for unsatisfactory performance, the award of back pay has no reasonable basis in the law. *See* State Personnel Board Rule 8–3–3(D).

Complainant sustained no "injury" for which he is entitled to legal redress in the form of compensation. *See Department of Health v. Donahue, supra.* Therefore, the award of six months' back pay must be set aside. *See Beardsley v. Colorado State University, supra; McCoy v. Department of Social Services,* 796 P.2d 77 (Colo.App.1990).

### III.

■ Both complainant and the Department contend that the ALJ and the Board erred in denying attorney fees and costs under § 24–50–125.5(1), C.R.S. (1988 Repl. Vol. 10B). We disagree.

Section 24–50–125.5(1) provides, in pertinent part, that if a personnel action is found to have been instituted frivolously, maliciously, in bad faith, as a means of harassment, or was otherwise groundless, the employee bringing the appeal or the Department taking such personnel action shall be liable for attorney fees and costs.

Here, in responding to the parties' requests for fees and costs under the statute, the ALJ found:

> Neither the personnel action from which this proceeding arose nor the defense thereof was instituted frivolously, in bad faith, maliciously or was otherwise groundless.... The appointing authority did not abuse his discretion in terminating com-

plainant's employment for unsatisfactory job performance based on client abuse.

■ Whether attorney fees and costs are warranted under the statute is a question of ultimate fact. *See generally Mayberry v. University of Colorado Health Sciences Center,* 737 P.2d 427 (Colo.App.1987).

As with the other conclusions of ultimate fact challenged in this appeal, we must assume, based on the lack of a transcript of the proceedings, that the ALJ's determination is supported by competent evidence. *See Newport Pacific Capital Co. v. Waste,* 878 P.2d 136 (Colo.App.1994); see also C.A.R. 10(b). And, given the novel character of the issues raised by the complainant and the Department, we conclude that the ALJ's determination that attorney fees and costs were not warranted had a reasonable basis in law. *See Mayberry v. University of Colorado Health Sciences Center, supra.* Thus, we cannot say that the ALJ and Board erred in denying either party attorney fees and costs under § 24–50–125.5(1).supra

### IV.

In light of this disposition, we need not address complainant's other contentions.

That portion of the Board's order upholding complainant's termination and denying both parties attorney fees and costs is affirmed. That portion of the order modifying complainant's termination and awarding him six months' back pay is reversed.

HUME and ROY, JJ., concur.