**Paul A. ROMANS, Petitioner,**

**v.**

**HEWITT ELECTRIC CORPORATION, the Industrial Commission of the State of Colorado, State Compensation Insurance Fund, Division of Labor, and/or Major Medical Insurance Fund, Respondents.**

**No. 85CA1494.**

Colorado Court of Appeals, Div. III.

June 19, 1986.

Steven U. Mullens, P.C., James A. May, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for respondents Industrial Com'n, Div. of Labor, and/or Major Medical Ins. Fund.

No Appearance for respondents State Compensation Ins. Fund, and Hewitt Elec. Corp.

VAN CISE, Judge.

Paul Romans (claimant) seeks review of a final order of the Industrial Commission denying a claim for expenses incurred during the course of a vocational rehabilitation program. The Commission ruled that claimant failed to file a timely petition to review an order of the Director of the Division of Labor (director) denying the request for benefits. We set the Commission's order aside.

Claimant suffered a compensable back injury in 1980. By January 1982 he had exceeded the applicable twenty thousand dollar limitation on medical benefits under § 8–49–101(1)(a), C.R.S. Consequently, the director "admitted" claimant to the Major Medical Insurance Fund (MMIF) on January 25, 1982.

By February 1982, it was clear that claimant would not be able to return to his regular occupation as an electrician. Consequently, claimant, a representative of MMIF, and the Division of Labor reached agreement on a vocational rehabilitation plan. The plan called for claimant to receive training as a silversmith, and for the purchase of various tools and supplies. It was hoped that this program would lead to claimant becoming employed in his wife's jewelry business.

In June and July 1982, the plan was modified to provide for the purchase of additional supplies, and changes to a building. Further, the plan was extended through February 1983.

By the end of the plan, the rehabilitation counselor concluded that, although claimant had learned silversmithing, he was unable to earn income in the trade. Further, in April 1983, claimant's attorney wrote to the MMIF and requested it to reimburse claimant for $5,488 in out-of-pocket expenditures incurred during the plan. Such expenditures included rent, losses on sales, and operating expenses.

On April 22, 1983, the director wrote a letter to claimant's attorney acknowledging claimant's request. However, the request was denied because "reimbursement of this nature is not a benefit provided in the Colorado Worker's Compensation Act."

Thereafter, on May 4, 1983, claimant's counsel wrote a letter to a "referee" requesting that he set the matter for a hearing on the MMIF's "liability for reimbursement." A copy was sent to the director and stamped "received" on May 5, 1983. A hearing was set for June 8, 1983.

At the hearing, an assistant attorney general appeared on behalf of the director and objected to the proceedings. She argued that the hearing officer was without jurisdiction to proceed, and that claimant should have appealed the director's "order" to the Commission pursuant to § 8–1–107(1)(f), C.R.S. (1985 Cum.Supp.).

The hearing officer rejected the contention that he lacked jurisdiction and conducted an evidentiary hearing on the merits. Subsequently, on July 19, 1983, he issued a written order requiring the MMIF to reimburse claimant for some of the out-of-pocket expenses.

The Director then petitioned for review, arguing that the hearing officer lacked jurisdiction and contesting his findings and conclusions. On October 7, 1985, the Commission reversed the hearing officer, finding that the hearing officer's July 19, 1983, order was "void." The Commission concluded that the director's April 22 letter was an "order" within the meaning of § 8–41–102, C.R.S., and that this order should have been appealed to the director within 15 days pursuant to the then applicable statutes, §§ 8–53–106(1) and 8–53–106(3), C.R.S. The Commission stated that the statutes did not contemplate that a hearing officer could overrule the director, and therefore, the letter to the referee requesting a hearing was of no effect. Since no petition to review was filed with the director within 15 days of April 22, 1983, the Commission concluded that there was no timely petition to review.

## I.

On review, claimant argues that the director's April 22 letter did not constitute an "order" within the meaning of § 8–41–102.

Rather, he contends that the director issued the letter while acting in his role as "administrator" of the MMIF under § 8–66–102(2), C.R.S. Consequently, claimant reasons that the letter gave rise to a "controversy" concerning his right to vocational rehabilitation, and, thus, as provided in § 8–53–103(1), C.R.S. (1985 Cum.Supp.), the controversy was properly submitted to a hearing officer for resolution. We agree with this argument.

In April 1983, § 8–66–102(2), C.R.S., provided that the "director of the division of labor shall administer the major medical insurance fund and is hereby given jurisdiction to enforce the provisions of this article." *Cf.* § 8–66–102(2), C.R.S. (1985 Cum. Supp.), (containing 1984 amendments). Further, § 8–66–105, C.R.S. (1985 Cum. Supp.) provided that, in enforcing article 66, the director should have all the powers granted to him under the Workmen's Compensation Act. Section 8–66–107, C.R.S. (1985 Cum.Supp.) provided that MMIF funds should be devoted to defraying medical and rehabilitation costs of eligible employees "in accordance with and subject to the provisions" of the Workmen's Compensation Act.

Under this statutory scheme the MMIF had no independent organization, nor any express authority to sue or be sued. Thus, the MMIF did not exist as a separate legal entity. *Sears, Roebuck & Co. v. Baca,* 682 P.2d 11 (Colo.1984) (fn 9). To the extent the MMIF had a legal persona, it was through its administrator and "fiduciary," the director. *Sears, Roebuck & Co. v. Baca, supra.*

Under these circumstances, it was logical and proper for claimant to interpret the director's April 22 letter as a statement of the MMIF's position concerning the request for reimbursement, rather than an "order" adjudicating the request. This is particularly true because the letter in no way indicated that it was an order of the director acting pursuant to his enforcement power under § 8–66–107, C.R.S. (1985 Cum. Supp.). *See In re Claim of Sterling v.*

*Industrial Commission,* 662 P.2d 1096 (Colo.App.1982).

Further, to accept the Commission's argument regarding the effect of the April 22 letter would deny claimant his due process rights. Despite statutory authority dating from 1981, in April 1983 the Commission had not adopted rules and regulations governing the resolution of MMIF disputes. *See* Colo.Sess.Laws 1981, ch. 78, § 8–46–108 at 457. Consequently, this claimant and MMIF practice in general were operating in a "procedural void" similar to that condemned, on due process grounds, in *Sears, Roebuck & Co. v. Baca, supra.*

The Commission apparently recognized this problem shortly after the announcement of the *Sears* decision. On May 31, 1984, it adopted an "emergency regulation" providing that "in any hearing resulting from a dispute or denial of benefits" in connection with the MMIF, "the director shall be considered an interested party on behalf thereof." *See* Industrial Commission Rule VI.A.4., 7 Code Colo.Reg. 1101–3 at 12. This regulation implicitly endorses the claimant's decision to request a hearing, at which the director would appear for the MMIF.

## II.

Claimant also argues that the court should affirm the findings and conclusions of the hearing officer concerning the merits of the case. This we decline to do because the Commission has yet to consider the merits of the director's petition to review the hearing officer's order.

The Commission's order is set aside and the matter is remanded to the Commission for consideration of the merits of the director's petition to review.

KELLY and METZGER, JJ., concur.