Anthony W. BROTHERS, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Den-Col Cartage & Distributing, Inc., and State Compensation Insurance Fund, Respondents.

No. 86CA0002.

Colorado Court of Appeals, Div. I.

Jan. 22, 1987.

Moyer, Beal and Vranesic, H. Earl Moyer, Lakewood, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura Udis, Asst. Atty. Gen., Denver, for respondent Indus. Comn.

William P. Dixon, Denver, for respondents Den-Col Cartage & Distributing, Inc. and State Compensation Ins. Fund.

ENOCH, Chief Judge.

In this workmen's compensation case, Anthony Brothers (claimant) seeks review of a final order of the Industrial Commission affirming a hearing officer's order. In that order, the hearing officer granted claimant's petition to reopen and awarded additional medical benefits that employer had confessed, but determined that he was neither entitled to additional vocational rehabilitation nor an increase in permanent disability benefits. We affirm.

On review, claimant asserts that the hearing officer was premature in denying vocational rehabilitation and permanent disability benefits because the hearing officer was bound by a finding of the director of the Division of Labor that claimant had not

reached maximum recovery. This finding was made by the director in granting the claimant's application for admission to the Major Medical Insurance Fund, and was made after the hearing before the hearing officer on the petition to reopen, but before the hearing officer entered her order. Claimant reasons that since a permanent disability rating cannot be ascertained until maximum medical improvement has been reached, *see Dziewior v. Michigan General Corp.*, 672 P.2d 1026 (Colo.App.1983), the hearing officer was premature in deciding these issues.

■ Although the determination of permanent disability and vocational rehabilitation eligibility is premature if claimant may receive additional remedial treatment, *Golden Age Manor v. Industrial Commission*, 716 P.2d 153 (Colo.App.1985), here the hearing officer's order precluded all benefits subsequent to claimant's last hospitalization in August of 1982. Thus, she implicitly found him to be ineligible for additional remedial treatment.

■ Furthermore, because of the context in which the director's finding regarding maximum recovery was made, the hearing officer was not bound by it. In granting the application for admission to the Major Medical Insurance Fund, the director did not award benefits. Rather, the director merely provided a source for payment of medical benefits to which claimant was or might become entitled, in excess of the employer's then statutory limits of liability. *See* § 8–66–108, C.R.S. (1986 Repl. Vol. 3B); Industrial Commission Rule VI, 7 Code Colo.Reg. 1101–3.

■ Section 8–53–113, C.R.S. (1986 Repl. Vol. 3B), allows the director or a hearing officer to review and reopen workmen's compensation awards and determine additional benefits, if any, for which claimant may be entitled. This is a function separate and distinct from the director's role when ruling on applications for admission to the Major Medical Insurance Fund. Thus, any statement made by the director in ruling on such application can have no bearing on the hearing officer's decision on a petition to reopen an award, or on claimant's entitlements. Accordingly, the hearing officer was not bound by the director's finding that claimant had not reached maximum recovery, and the hearing officer was not premature in ruling on claimant's entitlement to vocational rehabilitation or permanent partial disability.

There is substantial evidence in the record to support the determination of claimant's eligibility for vocational rehabilitation and permanent disability benefits. Therefore, we are bound by the Commission's order. *See* § 8–53–120, C.R.S. (1986 Repl.Vol. 3B); *Golden Age Manor v. Industrial Commission, supra.*

Claimant's remaining contention regarding the propriety of an additional hearing is without merit.

The order is affirmed.

SMITH and BABCOCK JJ., concur.