J. Brian EHRLE, Complainant–Appellee,

and

State Personnel Board, Appellee,

v.

DEPARTMENT OF ADMINISTRATION, Respondent–Appellant.

No. 91CA0091.

Colorado Court of Appeals, Div. V.

Oct. 8, 1992.

Rehearing Denied Dec. 3, 1992.

George C. Price, Denver, for complainant-appellee.

No appearance for appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Michael L. Bieda, Asst. Atty. Gen., Denver, for respondent-appellant.

Opinion by Judge MARQUEZ.

The Department of Administration seeks review of the order of the State Personnel Board requiring that J. Brian Ehrle be appointed to a position of program administrator I or an equivalent position with back pay, benefits, and attorney fees. We affirm in part, reverse in part, and remand for further proceedings.

Ehrle was laid off from his position as a Program Administrator I with the State Buildings Division of the Department of Administration on June 30, 1987. Pursuant to § 24–50–115, C.R.S. (1988 Repl. Vol. 10B) and State Personnel Board regulations, Ehrle's name was placed on a departmental reemployment list, giving him a right for two years to be rehired to any vacant position in the Department in the class from which he was laid off, *i.e.*, until June 30, 1989. *See* State Personnel Board Policy No. 5–2, No. 5–5(A)(1), No. 5–5–(D)(2), Rule No. 9–3–10(A), and No. 12–1–41, 4 Code Colo. Reg. 8–1–1; State Personnel Board Administrative Procedure No. 5–2–10, No. 5–5–2(B) and No. 5–5–3(B), 4 Code Colo. Reg. 801–2.

On March 31, 1989, an employee in the State Buildings Division with duties similar to those formerly performed by Ehrle resigned her position. At the request of the Division's appointing authority, the position was upgraded to Program Administrator I on May 1. Ehrle applied for the position in May 1989.

However, on the ground that funds to pay for the upgrade were unavailable until July 1, after the expiration of Ehrle's reemployment rights, Ehrle was not offered the position. Instead, the Department solicited applications and eventually conducted a competitive examination.

Ehrle was told he would not have to reapply and was interviewed for the position. He did not take the competitive examination because under State Personnel Board Administrative Procedure No. 5–2–3 and No. 5–2–12, 4 Code Colo. Reg. 801–2, an appointing authority has discretion to reinstate former certified employees who terminated in good standing without resorting to a competitive examination. *See* State Personnel Board Administrative Procedure No. 5–2–15(A), 4 Code Colo. Reg. 801–2. Further, Ehrle testified he believed he had reemployment rights. Ehrle was not selected for the position.

Ehrle sought administrative review, raising two alternative theories in support of his contention that the Department had wrongfully denied him the position. He argued that the Department denied him his right to reemployment under § 24–50–115 and the State Personnel Board regulations implementing it by manipulating the funding and date for filling the position. In the alternative, he argued that the Department had acted arbitrarily and capriciously in failing to reinstate him under State Personnel Board Administrative Procedure No. 5–2–3 and No. 5–2–12.

The hearing officer found that Ehrle met the officially published minimum qualifications for the position. She also found that the appointing authority chose to fill the position through the establishment of an eligible list, rather than by using a reemployment list, and that the reason was not the unavailability of funds, but because the appointing authority wanted time to recruit applicants who could meet certain unofficial minimum qualifications.

Although she concluded that the appointing authority acted arbitrarily, capriciously, and contrary to Board policies, the hearing officer ruled that the appeal was untimely as to the denial of reemployment rights because Ehrle had received constructive notice of the denial of those rights at a meeting with the Department's executive director on the date of the examination.

Nevertheless, the hearing officer also ruled that the Department had acted arbitrarily and capriciously in failing to reinstate Ehrle, ordered that he be appointed to a position of program administrator I or an equivalent position with back pay and bene-

fits to July 1, 1989, and awarded attorney fees. The Department appealed to the State Personnel Board, which affirmed the hearing officer's order.

## I.

■ Asserting that the hiring authority did not abuse its discretion by refusing to hire Ehrle, the Department essentially contends that the hearing officer and Board erred in concluding that it acted arbitrarily and capriciously in addressing Ehrle's reinstatement privileges under State Personnel Board Administrative Procedure No. 5–2–3 and No. 5–2–12. We disagree.

Contrary to the Department's argument, there is substantial evidentiary support for the hearing officer's findings that the duties of the vacant position were similar to those of Ehrle's old position, that the Department deceived Ehrle and merely purported to consider reinstating him, and that it conducted a sham interview. Hence, they cannot be disturbed on appeal. *See* § 24–4–106(7) and (11), C.R.S. (1988 Repl. Vol. 10A) and § 24–50–125.4(3), C.R.S. (1988 Repl. Vol. 10B); *Board of Assessment Appeals v. Colorado Arlberg Club,* 762 P.2d 146 (Colo.1988).

In effect, the hearing officer found that, contrary to the Department's representations to Ehrle, it never genuinely considered reinstating him. Although State Personnel Board Administrative Procedure No. 5–2–3, No. 5–2–12, and No. 5–2–15(A) may not require an appointing authority to reinstate former employees, we agree with the hearing officer and Board that the Department acted arbitrarily and capriciously in failing genuinely to consider reinstating Ehrle after representing to him that it would do so.

Reinstatement is left to the discretion of the appointing authority. State Personnel Board Administrative Procedure No. 5–2–3 and No. 5–2–12. Here, however, inasmuch as we are affirming the conclusion that the Department acted arbitrarily and capriciously in addressing Ehrle's reinstatement privileges, we must determine whether the remedy imposed was appropriate.

■ Under the circumstances at issue the appropriate remedy should do no more than place Ehrle in the same situation he would have occupied if the Department had genuinely considered reinstating him after representing that it would do so. *Department of Health v. Donahue,* 690 P.2d 243 (Colo.1984).

While remand for consideration is one possible remedy, given the finding that the appointing authority wanted applicants who could meet certain unofficial minimum qualifications, and the indication on appeal that the position has not only been filled, but has also been subsequently abolished, this alternative is not realistic.

Another alternative is that chosen by the hearing officer and the Board. Under the unique circumstances here, we conclude that, with certain modifications noted in part IV below, that remedy is appropriate.

## II.

We also agree with Ehrle's alternative argument that the Board's order should be affirmed on the ground that the Department unlawfully denied him his right to reemployment under State Personnel Board Policy No. 5–2, No. 5–5(A)(1), No. 5–5–(D), Rule No. 9–3–10(A), No. 12–1–41, Administrative Procedure No. 5–2–10, No. 5–5–2(B) and No. 5–5–3(B).

The hearing officer and Board ruled adversely to Ehrle on this issue, concluding that his appeal of the denial of his reemployment rights was untimely.

### A.

■ Ehrle argues that his initial appeal was timely and that the relief ordered by the Board may be based on the denial of his right to reemployment that was found by the hearing officer. The Department argues that Ehrle cannot challenge the hearing officer's determination that his initial appeal was untimely because he neither appealed to the Board under § 24–50–125.-4(4), C.R.S. (1988 Repl. Vol. 10B), nor filed a cross-appeal in this court. However, Ehrle was not required to appeal to the

Board or file a cross-appeal to preserve the issue.

■ The general rule in civil cases is that a party must file a cross-appeal in order for an appellate court to consider an alleged error prejudicial to that party. *Blocker Exploration Co. v. Frontier Exploration, Inc.*, 740 P.2d 983 (Colo.1987). However, a respondent or appellee may, without filing a cross-appeal, defend the judgment of the lower court on any ground supported by the record, even if the arguments involve an attack on the reasoning of the lower court, so long as that party's rights would not be increased under the judgment. *City of Delta v. Thompson*, 37 Colo.App. 205, 548 P.2d 1292 (1975). *See Farmers Group, Inc. v. Williams*, 805 P.2d 419 (Colo.1991); *Blocker Exploration Co. v. Frontier Exploration, Inc., supra.*

Also, a correct judgment will not be disturbed on review even though the trial court's reasons were wrong. *Cole v. Hotz*, 758 P.2d 679 (Colo.App.1987).

The same general principles apply to administrative appeals. Under § 24–50–125.-4(4), any party who seeks to modify the initial decision must appeal to the Board in accordance with § 24–4–105(14). There is no provision for an administrative cross-appeal in § 24–4–105(14), C.R.S. (1988 Repl. Vol. 10A), § 24–50–125.4(4), or in the State Personnel Board regulations.

We do not read the statutes to require a prevailing party who obtains from the hearing officer all substantive relief sought, but on less than all of the legal theories raised, to file an appeal to protect his or her rights in case the other party should appeal. A respondent in an administrative appeal to the Board who does not seek to enlarge his or her rights under the initial decision therefore need not file an appeal to defend the result reached by the hearing officer on any grounds.

*Rose v. Department of Institutions*, 826 P.2d 379 (Colo.App.1991), is not inconsistent with the foregoing. In *Rose*, an employee appealed the disciplinary termination of her employment by Department of Institutions. The hearing officer reversed the termination and imposed a sev-

enteen-month suspension. The employee appealed to the Board, which affirmed the hearing officer's decision in all respects except for the length of the suspension, which the Board reduced. The Department appealed to this court, arguing that the termination of employment should have been upheld. We held that the Department was precluded from challenging the merits of the termination by its failure to appeal the hearing officer's decision to the Board. *Rose* is distinguishable because, there, the Department sought to enlarge its rights under the initial order by seeking a reversal of the relief granted to the employee. *But see Department of Health v. Donahue, supra.*

Here, the hearing officer granted Ehrle all of the substantive relief he sought. By attacking the hearing officer's conclusion that the appeal of the denial of reemployment rights was untimely, Ehrle did not seek to enlarge his rights under the initial decision. Accordingly, he was not required to file an appeal to the board to challenge the hearing officer's ruling on that issue. Nor was he required to file an appeal or cross-appeal in this court to preserve the issue.

### B.

■ We agree with Ehrle that the hearing officer and Board erred in ruling that his administrative appeal was untimely as to the denial of reemployment rights. The hearing officer found that Ehrle received notice the Department would not honor his reemployment rights when he met with the executive director of the Department on the day of the examination for the position, and concluded that the appeal was untimely because it was filed more than ten days later. However, the hearing officer also found from substantial evidence in the record that the notice of non-appointment Ehrle received on December 8, 1988, was the only written notice of rejection he received in response to his application for the job.

State Personnel Board Policy No. 10–1–(E) and Rule No. 10–1–2, 4 Code Colo.Reg.

801–1 require that employees and applicants must be informed *in writing* of their appeal rights, including the time limits for exercising those rights. *See also* Rule No. 10–6–2, 4 Code Colo. Reg. 801–1 (requiring notice of appeal to state the date on which complainant received *written notice* of the action being appealed). The ten-day time period for appealing does not commence until the required notice is given. *See Renteria v. Department of Personnel,* 811 P.2d 797 (Colo.1991); *Cunningham v. Department of Highways,* 823 P.2d 1377 (Colo.App.1991). *See also Quicker v. Civil Rights Commission,* 747 P.2d 682 (Colo. App.1987).

Here, the notice that the Department denied Ehrle's claim for reemployment, which the hearing officer found to have arisen from the meeting with the executive director, was not in writing, and did not inform Ehrle of his appeal rights. It was therefore insufficient to start the running of the ten-day appeal period. The only written notice of rejection was the letter of nonappointment Ehrle received on December 8, and Ehrle commenced his appeal within ten days of that date.

### C.

■ We also agree with Ehrle that, based on the hearing officer's findings of fact, he was entitled to reemployment in the vacant position regardless of whether the Department acted arbitrarily and capriciously in denying discretionary reinstatement under State Personnel Board Administrative Procedure No. 5–2–3 and No. 5–2–12.

The hearing officer found that Ehrle was qualified for the position, which had duties similar to his former position in the Department. She also found that the head of the Division knew of Ehrle's reemployment rights and wrongfully manipulated the funding and date for filling the vacant position to deprive Ehrle of his right to the position. She found that the head of the Division created the unavailability of funds and that funds would have been available had the incumbent not resigned. These findings are supported by substantial evidence in the record and cannot be disturbed on review. *See* § 24–4–106(7) and (11), C.R.S. (1988 Repl. Vol. 10A) and § 24–50–125.4(3), C.R.S. (1988 Repl. Vol. 10B); *Board of Assessment Appeals v. Colorado Arlberg Club, supra.*

The hearing officer correctly concluded from these findings that the Department acted arbitrarily, capriciously, and contrary to State Personnel Board regulations to deny Ehrle his right to reemployment. Although there is no requirement that vacant positions must be filled within any set period of time, to permit an appointing authority to delay filling a position by causing funds to be unavailable in order to deny a former employee's right to reemployment would render § 24–50–115 and the Personnel Board regulations implementing it meaningless and ineffective.

### III.

We also affirm the order awarding Ehrle his attorney fees pursuant to § 24–50–125.5, C.R.S. (1988 Repl. Vol. 10B).

■ Contrary to the Department's argument that Ehrle's request for attorney fees was untimely, the fee request was made almost immediately after the entry of appearance by Ehrle's attorney at the start of the hearing. It, therefore, complied with the State Personnel Board Rule No. 10–6–3, 4 Code Colo. Reg. 801–1.

■ Also, the Department's argument that there was insufficient evidence to support an award of attorney fees is without merit. The hearing officer's findings are supported by substantial evidence and, in turn, support the conclusion that the Department's action was groundless and taken in bad faith.

### IV.

■ Back pay and benefits should be computed from December 1989. However, the order did not limit back pay to the difference between the salary for the position Ehrle sought and his actual earnings from his position as an Administrative Officer II with the Water Quality Control Divi-

sion of the State Health Department. Ehrle stated at the hearing that he sought only the difference. Accordingly, the case must be remanded for further proceedings to determine the difference between the salary for the position sought by Ehrle and his actual earnings from his position with the State Health Department.

That portion of the order requiring the Department to appoint Ehrle to a position of program administrator I or an equivalent position and to pay his attorney fees is affirmed. That portion of the order requiring the Department to pay back pay and benefits is reversed, and the cause is remanded for further proceedings to determine the amount of back pay based on the difference between the salary for the position sought by Ehrle and his actual earnings from his position with the State Health Department from December 1, 1989.

HUME and VAN CISE *, JJ., concur.

---

* Sitting by Assignment of the Chief Justice under provisions of the Colo.Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl. Vol. 10B).