Steven **HARTLEY**, Complainant–Appellant,

v.

**DEPARTMENT OF CORRECTIONS, DIVISION OF CORRECTIONAL SERVICES**, Respondent–Appellee,

and

**Colorado State Personnel Board**, Appellee.

No. 96CA0183.

Colorado Court of Appeals, Div. A.

April 17, 1997.

Frank & Finger, P.C., William S. Finger, Terrence P. Murray, Evergreen, for Complainant–Appellant.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Joseph Haughain, Assistant Attorney General, Denver, for Respondent–Appellee.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Mary S. McClatchey, Assistant Attorney General, Denver, for Appellee.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

Opinion by Judge TURSI *.

Complainant, Steven Hartley, appeals the decision of the State Personnel Board (Board) which reversed an order of the Administrative Law Judge (ALJ) awarding attorney fees and costs pursuant to § 24–50–125.5, C.R.S. (1988 Repl.Vol. 10B). We reverse and remand with directions.

Complainant was employed by respondent, the Department of Corrections (Department), as a correctional officer III. In August 1994, following a predisciplinary meeting, complainant was demoted to the position of correctional officer II. The basis for the disciplinary action was the appointing authority's determination that complainant had failed to report and cooperate with authorities investigating an incident at the correctional facility where he was employed.

Specifically, the appointing authority found that on July 12–14, 1993, complainant withheld information regarding a coworker's involvement in a knife-planting incident. The appointing authority noted that, if reported, complainant's information would have led to an early conclusion of the investigation and possible criminal charges against a co-worker. Thus, the appointing authority concluded that in withholding information complainant violated both a Department reporting regulation and an ethical performance standard. *See* Department Of Corrections Reg. 1150–4 and 1450–1 at 425–439, 444–445.

Complainant appealed the disciplinary action. His position was that the disciplinary action was a cover up or retaliation for the department's incompetency in the investigation of his co-worker and, thus, arbitrary, capricious, and contrary to law. The Department's position was that the disciplinary action was reasonable given the information presented at the predisciplinary meeting and the nature of the violation in issue.

At the conclusion of the Department's case, in a hearing before an ALJ, complainant moved for judgment in his favor. He argued that the Department had failed to present any evidence to show that he possessed and declined to disclose information pertinent to the investigation of his co-worker on the dates alleged by the Department.

The ALJ granted complainant's motion, finding that the evidence "clearly" established that complainant did not engage in any misconduct. The ALJ ordered the Department to rescind the disciplinary action and to award complainant back pay, benefits, interest, and, finding the action of the Department was groundless and instituted in bad faith, awarded attorney fees and costs pursuant to § 24–50–125.5.

The Department appealed to the Board, challenging only that part of the order awarding complainant attorney fees and costs. The sole issue presented to the Board by the Department was "whether the evidence relied upon and presented by the DOC in support of its demotion of Hartley was far past the threshold of bad faith, which must be presented to justify an award of attorneys fees." The Board reversed the award, holding that bad faith must be present in order for an award of fees to be proper, and a split board held the actions of the appointing authority did not constitute bad faith. This appeal followed.

The sole issue on review is whether the Board erred in concluding that complainant was not entitled to attorney fees and costs under § 24–50–125.5. We conclude that it did.

■■■ Whether fees and costs are warranted under § 24–50–125.5 is a determination of ultimate fact. *See generally Mayberry v. University of Colorado Health Sciences Center,* 737 P.2d 427 (Colo.App.1987). As such, the Board may make its own determination as to the propriety of an award under the statute as long as the determination has a reasonable basis in law and is supported by substantial evidence in the record. *Halverstadt v. Department of Corrections,* 911 P.2d 654 (Colo.App.1995).

Here, the Board concluded that an award under § 24–50–125.5 was improper because it rejected the ALJ's determination of ultimate

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

fact that the disciplinary action against complainant was instituted in "bad faith." Citing *Halverstadt v. Department of Corrections, supra,* the Board concluded that "bad faith" must be present in order for an award of fees to be proper under § 24–50–125.5. Thus, it reversed the award of fees and costs.

Complainant argues that the Board's conclusion that bad faith must be present in order to justify an award of fees and costs under § 24–50–125.5 lacks a reasonable basis in the law. We agree.

Section 24–50–125.5 provides, in pertinent part, that a complainant is entitled to an award of attorney fees and costs if the personnel action is found to have been instituted "frivolously, in bad faith, maliciously, or as a means of harassment, or was otherwise groundless."

The statute expressly employs the conjunction "or" which normally identifies an alternative between different courses. *See Webster's Third International Dictionary* 1585 (1966). Thus, by its own terms, the statute does not require evidence of "bad faith" for an award of fees and costs to be proper. Rather, it requires "bad faith," or evidence of one of the several other independent bases identified in the statute. *See Coffey v. Colorado School of Mines,* 870 P.2d 608 (Colo. App.1993) (awarding fees and costs under § 24–50–125.5 for "groundlessness" without evidence of bad faith).

*Halverstadt v. Department of Corrections, supra,* does not hold otherwise. There, the award of fees and costs by the Board was based solely on a determination that the personnel action against the complainant had been instituted in "bad faith." As a result, a division of this court, concluded that, inasmuch as this determination was not warranted under the evidentiary facts, there was no reasonable basis in law for an award of fees and costs under the statute. Under such circumstances, reversal of the award was required. But, this is not the circumstance presented in this case.

Here, the ALJ based her award of fees and costs on two independent bases identified in the statute, specifically, "groundlessness" and "bad faith." Thus, even in the absence of "bad faith," an award of fees and costs was proper under the statute as long as the determination of "groundlessness" had a reasonable basis in law and fact. Such determination was not challenged by the Department.

Inasmuch as the award of attorney fees based on the finding of groundlessness stands unchallenged, it becomes the law of the case and is binding upon the parties.

Hence, the order of the Board is reversed, and the cause is remanded to the Board with directions to reinstate the ALJ's award of attorney fees and costs.

STERNBERG, C.J., and PIERCE*, J., concur.