Guadalupe VELO, Petitioner,

v.

EMPLOYMENT SOLUTIONS PERSON-NEL, The Industrial Claim Appeals Office of the State of Colorado and The Colorado Division of Employment and Training, Respondents.

No. 97CA0978.

Colorado Court of Appeals, Div. I.

Jan. 29, 1998.

Joel R. Hayes, Jr., Greeley, for Petitioner.

No Appearance for Respondent Employment Solutions Personnel.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor Gen-

eral, Laurie Rottersman, Assistant Attorney General, Denver, for Respondent Industrial Claim Appeals Office.

Opinion by Judge TAUBMAN.

Petitioner, Guadalupe Velo (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) which affirmed a hearing officer's decision disqualifying him from the receipt of unemployment compensation benefits pursuant to §§ 8–73–105.5(5) and 8–73–108(5)(e)(XXII), C.R.S.1997. We dismiss the appeal.

Section 8–73–105.5, C.R.S.1997, concerns employment with a "temporary help contracting firm" and imposes certain conditions under which an employee of such a firm may receive unemployment benefits. Such employment is characterized by a "series of limited-term assignments of an employee to a third party." Completion of an assignment, in itself, does not terminate the employment relationship. *See* § 8–73–105.5(2), C.R.S. 1997. Rather, the employee of the temporary help contracting firm must contact the firm for further assignments, in compliance with a written notice provided by the employer at the time of hire. *See* § 8–73–105.5(4), C.R.S.1997.

If the employee does not contact the employer upon completion of an assignment in compliance with such notice, the employee "shall be held to have voluntarily terminated employment for purposes of determining benefits pursuant to § 8–73–108(5)(e)(XXII), C.R.S.1997." *See* § 8–73–105.5(5).

If the employee does contact the firm upon completion of the assignment and does not continue working in another assignment, the employee "shall be considered separated under the provisions of § 8–73–108(4)(a), C.R.S. 1997, thereby entitling the employee to receive benefits." *See* § 8–73–105.5(6), C.R.S. 1997.

After a hearing, the hearing officer found that the employer, Employment Solutions Personnel, is a temporary help contracting firm, and that the claimant's employment with the employer was characterized by a series of limited term assignments. Further, the hearing officer found that the claimant

was provided written notice at the time he was hired that he was required to contact the employer daily for further assignments.

The hearing officer found that the claimant was separated from this employment after his temporary assignment with the employer's client was completed because, even though the employer contacted him with job offers, the claimant did not contact the employer daily to indicate that he was available for further assignments, in accordance with the written notice. The claimant only contacted the employer to reject its job offers. The hearing officer therefore concluded that the claimant was responsible for his separation and should be disqualified from the receipt of unemployment benefits based on this employment pursuant to §§ 8–73–105.5(5) and 8–73–108(5)(e)(XXII) (quit for personal reasons which do not otherwise provide for an award of benefits). This decision was affirmed by the Panel, and this appeal followed.

### I.

■ Claimant concedes that he did not contact the employer following the completion of his last assignment, but argues that the employer was aware that he was available for further assignments. Based on this reasoning, the claimant contends that the hearing officer erred in imposing a disqualification based on his "technical" violation of the employer's policy. We do not address this issue.

■ In general, courts will not interfere with agency proceedings until the agency has taken final action. *Colorado Health Facilities Review Council v. District Court*, 689 P.2d 617 (Colo.1984). Here, the referee found a violation of the statute, but, with respect to the issue of the reasonableness of claimant's refusals of employment, remanded the case to a deputy for further fact finding on that issue. This remand aspect of the referee's order was not addressed by the Panel.

Although the language of the referee's remand is somewhat ambiguous, as we read it, the referee intended to remand to the deputy for fact finding as to whether claimant was "at fault" in connection with his refusals of employment.

Consequently, because there has not yet been final agency action, even though there has been a decision by the Panel, we must dismiss the appeal.

## II.

Because it will arise on remand, we address whether claimant may be entitled to an award of unemployment compensation benefits on the basis that he was not "at fault" for his separation, even if it is ultimately found that a statutory disqualification is warranted. We agree that claimant may be entitled to an award of benefits if he can establish that he was not "at fault" for his separation.

■ A general principle underlying the unemployment compensation statutory scheme is that a claimant is entitled to a full award of benefits if he is unemployed through no fault of his own. *Zelingers v. Industrial Commission,* 679 P.2d 608 (Colo. App.1984).

As used in the unemployment statutory scheme, "fault" is a term of art. In determining a claimant's entitlement to benefits, it generally is defined and applied as a factor separate and apart from the qualifying and disqualifying statutory subsections found at §§ 8–73–108(4) and 8–73–108(5), C.R.S.1997. *Collins v. Industrial Claim Appeals Office,* 813 P.2d 804 (Colo.App.1991).

■ Thus, even if the findings of the hearing officer support the application of one of the disqualifying sections of the statute, a claimant may still be entitled to benefits if the totality of the circumstances establishes that the claimant's separation occurred through "no fault" of his own. *Keil v. Industrial Claim Appeals Office,* 847 P.2d 235 (Colo.App.1993). Here, we agree with the claimant that he is entitled to a determination whether he was "at fault" for his separation even though he was disqualified pursuant to the provisions of § 8–73–105.5 and not directly under one of the statutory disqualifying subsections of § 8–73–108(5). To determine otherwise would abrogate the overriding legislative policy that unemployment benefits are to be awarded only to those claimants who are unemployed through "no fault" of their own. *See* § 8–73–108(1)(a), C.R.S.1997.

■ Further, we discern no legislative intent to treat unemployment compensation claimants who work for temporary help agencies differently from other unemployment compensation claimants with regard to the issue of fault. *See Samaritan Institute v. Prince–Walker,* 883 P.2d 3 (Colo.1994) (in interpreting a statute, court must determine legislative intent); *Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976) (statutory scheme must be read and construed in context to give consistent, harmonious, and sensible effect to all its parts).

We agree with the claimant's assertion that the hearing officer did not consider and determine the issue of fault. Claimant argues that he was not "at fault" for his separation because his refusal of employer's job offers was reasonable. As we have noted, this issue must be determined on remand.

We decline to address the claimant's arguments that the employer's contract did not meet the criteria of § 8–73–105.5(4). These arguments were not raised and preserved for our review in the administrative proceedings. *See QFD Accessories, Inc. v. Industrial Claim Appeals Office,* 873 P.2d 32 (Colo.App. 1993).

Appeal dismissed.

METZGER and PLANK, JJ., concur.