Robert N. WORKMAN, Complainant–Appellee,

and

The Colorado State Personnel Board, Appellee,

v.

COLORADO DEPARTMENT OF CORRECTIONS, Delta Correctional Center, Respondent–Appellant.

No. 97CA1958.

Colorado Court of Appeals, Div. V.

Jan. 21, 1999.

Certiorari Granted Oct. 18, 1999.

James R. Gilsdorf, Denver, for Appellee Robert N. Workman.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Mary S. McClatchey, Assistant Attorney General, Denver, Colorado for Appellee.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Thomas S. Parchman, Assistant Attorney General, Denver, for Respondent–Appellant.

Opinion by Judge TAUBMAN.

Respondent, Department of Corrections (DOC), appeals an award of attorney fees to complainant, Robert Workman, on the basis that its decision to terminate his employment was not groundless. Because we conclude

that this court lacks jurisdiction, we dismiss the appeal without prejudice.

Workman appealed a pay step reduction and his disciplinary termination from the Department of Corrections, and the matter was tried before an Administrative Law Judge (ALJ). The ALJ modified the pay step reduction to a corrective action, overturned the termination, and awarded attorney fees to Workman.

DOC appealed only the imposition of attorney fees to the State Personnel Board (Board), which remanded the matter to the ALJ to set forth the basis for the imposition of attorney fees. The Board ultimately adopted the ALJ's decision which explained the basis for and reaffirmed the award of attorney fees. However, no order was entered establishing the amount of attorney fees to which Workman is entitled.

 Inasmuch as no amount of attorney fees was established, this court questioned whether the Board's order constituted a final appealable judgment. Accordingly, we requested that the parties address this jurisdictional issue at oral argument. There, both parties asserted that the decision of the Board is a final appealable order and, thus, that this court has jurisdiction. The DOC and the Board also submitted a joint supplemental brief detailing their contentions on this issue. However, having heard the oral arguments and having reviewed the supplemental brief, we now conclude that the appeal should be dismissed without prejudice.

### A.

DOC, the Board, and Workman all argue that such a conclusion is inconsistent with the law of this state. More specifically, they assert that the decisions in *Ferrell v. Glenwood Brokers, Ltd.*, 848 P.2d 936 (Colo.1993) and *Baldwin v. Bright Mortgage Co.*, 757 P.2d 1072 (Colo.1988) require a different result. We disagree.

 This court has jurisdiction over judgments which are final. A judgment is final if it disposes of the entire litigation on its merits, leaving nothing for the court to do but execute the judgment. *Kempter v. Hurd*, 713 P.2d 1274 (Colo.1986).

In *Baldwin v. Bright Mortgage Co.*, *supra*, the supreme court held that a final judgment on the merits is appealable regardless of any unresolved issue of attorney fees. Thus, relying on *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), the court held that appeals on the merits should proceed separately from appeals involving issues of attorney fees.

The facts in *Baldwin* were very similar to those presented here. There, the trial court had ruled on the merits against the Baldwins and had determined that attorney fees should be assessed against them for having filed a frivolous action. However, the court had reserved its determination of the amount of attorney fees until a later hearing. Here, similarly, the Board determined that Workman was entitled to an award of attorney fees, but did not establish the amount of such fees.

Although the *Baldwin* court did not address the precise issue raised here, it did note that the court of appeals had held that, because the trial court had not yet determined the amount of attorney fees to be awarded, there was no final judgment. Presumably, if the supreme court had believed that an award of attorney fees which did not establish the amount of such fees was a final appealable judgment, it would have reversed the decision of the court of appeals in this regard.

Moreover, we are not persuaded that *Ferrell v. Glenwood Brokers Ltd.*, *supra*, compels the result sought by the parties. In that case, the amount of fees had been set by the trial court. Therefore, like the *Baldwin* court, the *Ferrell* court did not address the specific issue of whether awards of attorney fees without specific amounts are final and appealable. Furthermore, *Ferrell* simply reiterates the rule established in *Baldwin* that an appeal on the merits can proceed independently of any outstanding attorney fee issue. The fact that the *Ferrell* court distinguished attorney fees as costs from attorney fees as damages is irrelevant to the issue before us.

The parties further contend that other divisions of this court have reviewed the propriety of awards of attorney fees even though no specific amount had been set. As instances thereof, they cite *Department of Higher*

*Education v. Singh* 939 P.2d 491 (Colo.App. 1997); *Hartley v. Department of Corrections,* 937 P.2d 913 (Colo.App.1997); *Halverstadt v. Department of Corrections,* 911 P.2d 654 (Colo.App.1995); *Coffey v. Colorado School of Mines,* 870 P.2d 608 (Colo.App.1993); *Ehrle v. Department of Administration,* 844 P.2d 1267 (Colo.App.1992). Therefore, the parties assert, this court has considered such orders final and appealable.

However, the opinions in those cases do not address the specific issue of whether an award of attorney fees which does not establish a specific amount is a final order. Moreover, in each of those cases the court did not indicate whether the fee amount had been set. Therefore, those cases are inapposite.

In contrast, a division of this court recently held that an award of attorney fees in which the amount of fees has not been established is not a final appealable order. *Axtell v. Park School District R–3,* 962 P.2d 319 (Colo. App.1998). The division in *Axtell* relied on *Ball Corp. v. Loran,* 42 Colo.App. 501, 596 P.2d 412 (1979). In *Ball,* the court ruled that a trial court's order determining liability does not constitute the resolution of a claim under C.R.C.P. 54(b) unless and until the trial court determines what relief, if any, such party may obtain. Similarly, here, the claim for attorney fees is not resolved, and thus, there is no appealable order until both the entitlement to and amount of attorney fees are determined.

We note that a case currently pending before the supreme court presents the issue of whether an award of attorney fees in which no specific amount has been established is a final appealable order. *Colorado State Personnel Board & Department of Corrections* (Colo. No. 98SC339, *cert. granted* October 26, 1998).

### B.

The parties further contend that a dismissal would fail to give proper deference to the Board's interpretation of its own organic act, particularly §§ 24–50–125.4 and 24–50–125.5, C.R.S.1998. Again, we are not persuaded.

■ An interpretation of a statute by the administrative officials charged with enforcing it is entitled great deference. *City &*

*County of Denver v. Industrial Commission,* 690 P.2d 199 (Colo.1984).

■ However, that doctrine should be used sparingly when the issue is a legal one that falls within the conventional competence of the courts, and not within the agency's area of expertise. *Arapahoe County Public Airport Authority v. Centennial Express Airlines, Inc.,* 956 P.2d 587 (Colo.1998).

Here, the issue to be resolved does not involve complex factual issues which require the Board's expertise. Rather, the issue involves questions of jurisdiction and attorney fees, issues not within areas of the expertise of either DOC or the Board. Further, while § 24–50–125.5 authorizes the Board to award attorney fees, nothing in that statute or § 24–50–125.4 requires a party to obtain a final agency decision as to entitlement to attorney fees before the amount of such fees can be established. Thus, this argument fails.

Even though the parties assert that our construction of the above statutes would potentially add time to the appeal of attorney fees because the ALJ must wait for the Board to affirm the award of fees before an amount can be set, we do not find the argument persuasive. In our view, an order by the Board to remand an attorney fee issue to the ALJ to establish the amount of fees would not be a final appealable order. *See Velo v. Employment Solutions Personnel,* 953 P.2d 1295 (Colo.App.1998)(no final agency action where referee remanded case for further findings of fact). Therefore, this court could not hear an appeal as to the propriety of an award of attorney fees while the issue of the amount was on remand to an ALJ.

Further, we are not persuaded by the contentions of DOC and the Board that judicial inefficiency would result from a determination that a party is required to await an order which establishes the amount of attorney fees before it may appeal. Under the system of bifurcated appeals of the merits and attorney fees required by *Baldwin v. Bright Mortgage Co., supra,* there always exists the possibility that a party will be required to litigate an issue concerning attorney fees when such issue may be rendered

moot if the determination on the merits is reversed. Nevertheless, the supreme court determined that appeals with respect to attorney fees and the merits should proceed separately.

Additionally, the procedure advocated by DOC and the Board would result in two, and possibly more, appellate procedures for litigating the merits and awards of attorney fees. Under the interpretation proposed by DOC and the Board, one procedure, required by *Baldwin v. Bright Mortgage Co., supra,* would apply in civil cases involving court-ordered attorney fees, while a different procedure would obtain in agency appeals involving the Board.

We conclude that the appropriate procedure here is that set forth by the supreme court in *Baldwin v. Bright Mortgage Co., supra.*

Thus, once the amount of attorney fees is determined, a dissatisfied party may appeal both the award of attorney fees and the amount. To hold otherwise would permit a party to appeal once on the merits and twice on the issue of attorney fees.

Therefore, because the amount of attorney fees has not yet been established, we dismiss this appeal for lack of jurisdiction.

Because of this disposition, we do not address the other issue raised in the parties' briefs.

The appeal is dismissed without prejudice.

Judge MARQUEZ and Judge BRIGGS concur.