MAJOR MEDICAL INSURANCE FUND, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE of Colorado; St. Mary Corwin Hospital; Hartford Accident & Indemnity Co.; and Nora Bachicha, Respondents.

No. 02CA1846.

Colorado Court of Appeals, Div. IV.

July 31, 2003.

Ken Salazar, Attorney General, Joseph F. Haughain, Assistant Attorney General, Denver, Colorado, for Petitioner.

Ken Salazar, Attorney General, Eric Rothaus, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Blackman & Levine, L.L.C., Tama L. Levine, Denver, Colorado, for Respondents St. Mary Corwin Hospital and Hartford Accident & Indemnity Co.

Steven U. Mullens, P.C., Steven U. Mullens, Pattie J. Ragland, Pueblo, Colorado, for Respondent Nora Bachicha.

Opinion by Chief Judge DAVIDSON.

In this workers' compensation case, the Major Medical Insurance Fund (MMIF) seeks review of a final order of the Industrial Claim Appeals Office (Panel) granting Nora Bachicha (claimant) medical benefits. At issue is whether an order declaring that claimant is no longer eligible for benefits from the MMIF constitutes a denial of benefits such that claimant was entitled to a hearing, or whether it is a final order which was subject to review by the Panel. We conclude the order denied claimant benefits and she was entitled to a hearing on the issue. Therefore, we affirm the order of the Panel.

Claimant sustained a compensable back injury in 1971 and underwent surgery. In 1974, her employer, St. Mary Corwin Hospital, and its insurer, Hartford Accident & Indemnity Co. (collectively employer), filed a special admission of liability for permanent partial disability benefits.

In 1975, at the request of employer, claimant was admitted to the MMIF because payments for medical expenses exceeded the then existing cap. The MMIF reimbursed employer for $1062 it had paid in excess of that cap.

By 1992, claimant began to experience recurrent back pain, although the etiology of the pain was not determined. In 1994, she was referred for a surgical evaluation of her low back pain.

In 1994, the Division of Workers' Compensation determined that there had been no request for payment of medical expenses by the MMIF since the 1976 payment to employer. Therefore, the Director of the Division issued an order to cease payments from the MMIF.

The 1994 order stated that claimant "is not currently receiving medical care to promote recovery, alleviate pain or reduce disability from" the industrial injury and that claimant "has no need of further medical care." The order also stated that claimant "is no longer eligible" for benefits from the MMIF and that the claim "is closed subject to the reopening provisions" of the Workers' Compensation Act. The order concluded with the provision that the "decision of the Director is final unless a PETITION TO REVIEW is filed within twenty (20) days."

Copies of the order were mailed to claimant and her then attorney of record. The copy sent to the attorney was returned as undeliverable.

In 1996, claimant received a prescription for medication and submitted the bill to the MMIF for payment. After the MMIF declined to pay in reliance on the Director's 1994 order, claimant filed a petition to reopen the claim based on a worsened condition. She attached a physician's report opining that the continuing back symptoms were

causally related to the surgery performed after the 1971 industrial injury.

In a 2002 order, the administrative law judge (ALJ) found that claimant's "current back condition and need for treatment" were related to the 1971 industrial injury. Nevertheless, the ALJ concluded that the Director's 1994 order was a final order because it denied benefits, and inasmuch as claimant failed to petition for review, the claim was closed. Furthermore, the ALJ determined that the petition to reopen was barred by the statute of limitations, and denied the petition to reopen and, by implication, the claim for medical benefits. Claimant's due process arguments were rejected.

The Panel found that regardless of the Director's "misleading" notice that claimant was required to file a petition to review, the Director's order was not final and was insufficient to close the claim in light of the applicable rules of procedure. Therefore, the Panel concluded that the statute of limitations on reopening was inapplicable. Because the ALJ found that claimant proved a causal relationship between the injury and her need for treatment, the denial of the claim for medical benefits was set aside, and the MMIF was ordered to pay for the prescription.

The MMIF contends that the Director's order did not deny benefits, but is nonetheless final and was therefore subject to review by the Panel. The MMIF argues that the notice regarding the need to file a petition to review was therefore correct, and claimant's failure to petition for such review rendered her petition to reopen untimely. We disagree.

■ The purpose of the MMIF is to provide additional financial resources after an employer has paid $20,000 of medical benefits to an injured employee. *White v. State Comp. Ins. Fund*, 700 P.2d 923 (Colo.App.1985)(decided under prior statute). The MMIF Act, § 8–46–201, et seq., C.R.S. 2002, provides that the Director is responsible for administering the MMIF, including the expenditure of sums of money. Sections 8–46–202(2), 8–46–208(2), C.R.S.2002; *see Husson v. Meeker*, 812 P.2d 731 (Colo.App. 1991).

In every case in which an MMIF award is made, the Director is required to review the case when the total medical expenditures reach specific levels and, depending on whether further expenditure of funds will promote recovery, alleviate pain, or reduce disability, enter an order either continuing or ceasing further payments. Section 8–46–208(2). The order entered here was, by its terms, issued pursuant to this section.

The Director has all the powers provided in the Workers' Compensation Act to implement the provisions pertaining to the MMIF. Section 8–46–206, C.R.S.2002. Thus, the Director has the power to enact rules governing the determination of claims under § 8–46–208(2). Section 8–47–107, C.R.S.2002; *see Romans v. Hewitt Elec. Corp.*, 723 P.2d 161 (Colo.App.1986)(decided under predecessor version of MMIF Act).

One rule of procedure adopted by the Director pertains to the payment of benefits from the MMIF and provides that "[a] party who is dissatisfied with an order dismissing or denying an application for admission or dissatisfied with a written *denial of benefits* may request mediation services and/or apply for a hearing." Dep't of Labor & Employment Rule VI(B)(1), 7 Code Colo. Regs. 1101–3 (emphasis added).

In support of its argument that the order to cease payments did not constitute a denial of benefits which would trigger the application of Rule VI(B)(1), MMIF relies on *Brothers v. Industrial Commission*, 733 P.2d 1217 (Colo.App.1987). In that case, a division of this court held that an order granting admission to the MMIF was not an award of benefits, but merely provided a source for payment of medical benefits to which the claimant was or might become entitled. MMIF asserts that it necessarily follows that expulsion from the MMIF makes claimant ineligible to apply for benefits, but does not actually deny her benefits.

We disagree with this logic. Once claimant was admitted to the MMIF, removing her was, in effect, a denial of her right to apply for medical benefits. The Director determined that because claimant was "not

currently receiving medical care," she had "no need of further medical care." The determination of need is an integral part of claimant's entitlement to benefits, *see* § 8–46–208(2) (claimants are entitled to further medical benefits from the MMIF only if the benefits promote recovery, alleviate pain, or reduce disability), and presents a situation distinguishable from the initial admission to the MMIF, as in *Brothers v. Industrial Commission, supra.*

■ Accordingly, the determination that claimant did not "need" benefits constituted a denial of benefits for purposes of the due process protection afforded by Rule VI(B)(1). When an administrative adjudication turns on questions of fact, due process requires that the parties be apprised of all the evidence to be submitted and considered and that they be afforded a reasonable opportunity to confront adverse witnesses and to present evidence and argument in support of their positions. *Kroupa v. Indus. Claim Appeals Office,* 53 P.3d 1192 (Colo.App.2002). A petition for review does not provide these same safeguards, as the Panel and the ALJ are governed by different standards. *See Metro Moving & Storage Co. v. Gussert,* 914 P.2d 411 (Colo.App.1995)(evidentiary standard of proof applied by the ALJ is not the same as the standard of review applied by the Panel in determining the correctness of an underlying order).

Because Rule VI(B)(1) envisions further proceedings following a denial of benefits, we agree with the Panel that the Director's order was not a final order subject to appeal. *See Bestway Concrete v. Indus. Claim Appeals Office,* 984 P.2d 680 (Colo.App.1999)(a reviewable order is one that finally disposes of the issue). *See also Ortiz v. Indus. Claim Appeals Office,* — P.3d ——, 2003 WL 21664824 (Colo.App. No. 02CA1723, July 17, 2003). *Compare* Rule VI(B)(1) (Director's denial of benefits entitles claimant to request hearing before ALJ) *with* § 8–43–301(2), C.R.S.2002 (ALJ's denial of benefits is a final order which entitles claimant to file petition for review by Panel). Thus, the Director's advisement in the 1994 order to file a petition to review within twenty days was incorrect and ineffective. *See Scofield v. Indus.*

*Comm'n,* 697 P.2d 815 (Colo.App.1985)(in unemployment case, notice concerning time for appeal to court was insufficient where it failed to notify claimant of pending change in requirements for service of petition).

■ It follows that claimant's failure to seek review of the 1994 order did not close the claim, and the statute of limitations on reopening is not applicable. Accordingly, the Panel correctly determined that the MMIF was liable for the cost of the prescription, given that the ALJ's resolution of the causation issue in claimant's favor dispensed with the need for further hearing.

We do not address employer's request for a declaration as to its liability, as no petition for review was filed on this issue. *See Ehrle v. Dep't of Admin.,* 844 P.2d 1267 (Colo.App.1992)(generally, party must file a cross-appeal for an appellate court to consider an alleged error prejudicial to that party).

The order of the Panel is affirmed.

Judge NIETO and Judge GRAHAM concur.